The Honorable Thomas S. Zilly
Noted For: July 26, 2019
Without Oral Argument

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF WANGSHENG LENG, by and through administrator, LIPING YANG, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF ISSAQUAH, ISSAQUAH POLICE OFFICER M. LUCHT #1201, and ISSAQUAH POLICE OFFICER KYLEN WHITTOM, #1210, <br><br> Defendants. | No. 2:19-cv-00490-TSZ <br><br> DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS FOR MEDICAL RECORDS |

## I.   INTRODUCTION

When the Estate of Wangsheng Leng filed a federal civil rights lawsuit, the Estate waived any of Mr. Leng's medical privacy rights that may have survived his passing. Further, the *three* medical examiners it took to reach a determination on the cause of death in this complicated case concluded Mr. Leng's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are included as contributing conditions [to his death]." The notion that this is a straightforward medical/causation case is unsupported. Defendants should be allowed full access to Mr. Leng's medical records without having to rely on the Estate's attorney to determine what records and time periods are relevant to this lawsuit. Therefore, Defendants respectfully request the Court deny Plaintiff's Motion to Quash.

DEFS' OPP. TO MOT. TO QUASH - 1
2:19-cv-00490-TSZ
1002-01464/443264 docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## II. MOTION TO STRIKE

Plaintiff has not submitted any evidence in support of its Motion. Instead, Plaintiff cites to its unverified Complaint and unauthenticated exhibits affixed to its Motion. *See, e.g.*, Dkt. Nos. 19, 19-1. This level of informality is not consistent with the Federal Rules of Evidence, nor custom or practice in this District. *See* Local Rules W.D. Wash. LCR 7(b)(1) ("If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion."); *Coverdell v. Dep't of Soc. & Health Servs.,* 834 F.2d 758, 762 (9th Cir.1987) (recitation of unsworn facts not evidence).

Therefore, Defendants respectfully request the Court strike Plaintiff's Motion from page one, line 21 through line 23 and page two, line 20 through page six, line 13. *See* Local Rules W.D. Wash. LCR 7(g). At bare minimum, the Court should strike the Motion author's account of Mr. Leng's interaction with Defendant Officers, which is based on an unverified Complaint that represents a sensational departure from Ms. Yang's own eye witness account of what happened during the interaction. *See* Dkt. No. 19, 2:20-3:3.

## III. STATEMENT OF FACTS

Whether Mr. Leng died as a result of his contact with Defendant Officers is a question of medicine and science. *Declaration of Irv Scher*. Contrary to Plaintiff's representations, which summon the image of jackbooted force being brought down upon Plaintiff, it appears there is a more benign (albeit complex) explanation for Mr. Leng's death. Mr. Leng was the proverbial "eggshell plaintiff." *See id.* at ¶ 3. While this is not the Motion to address this issue on the merits, it is important for the Court to understand that Mr. Leng had a variety of pre-existing conditions (*e.g.*, ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ *etc.*) that made it far more likely Mr. Leng could suffer a spinal cord injury from Defendant Officers' low-level restraint, and also may have prevented Mr. Leng from meaningfully participating in his treatment and recovery. *See id.*

Of course, this lawsuit is relatively new, and Defendants are not doctors or

DEFS' OPP. TO MOT. TO QUASH - 2
2:19-cv-00490-TSZ
1002-01464/443264 docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

scientists. All Defendants can do at this point is gather evidence to be relied upon by people with the requisite skill to address those issues later. According to Dr. Scher, Defendants' consulting biomechanics expert, historical medical records are essential for his work to determine the progression of Mr. Leng's condition, the nature and extent of the condition, and—most importantly—causation. *Id.* at ¶ 4. Artificially limiting Defendants' access to Mr. Leng's medical records would needlessly undermine Dr. Scher's work. *Id.* This is especially true given the complexity of Mr. Leng's physical condition at the time of his autopsy. *Id.* at ¶ 5.

## IV.   PROCEDURAL HISTORY

Plaintiff filed this lawsuit on April 3, 2019. Dkt. No. 1. On June 10, 2019, Defendants provided notice to Plaintiff of their intent to issue subpoenas duces tecum to Mr. Leng's health care providers. *Declaration of Shannon M. Ragonesi*, Ex. A. Defendants then issued records subpoenas to Mr. Leng's health care providers, with a response date of July 8, 2019. *Id.* at Ex. B. Each subpoena was accompanied by a letter from defense counsel to the provider explaining the reason and basis for the records request. *Id.* at Ex. C. Defendants' subpoenas called for the production of the medical records each provider possessed for Mr. Leng. *Id.* at Ex. B.

While the subpoenas were pending, the Court entered a stipulated protective order, which limits any use and dissemination of Mr. Leng's medical records to this lawsuit. Dkt. No. 18.

The parties have exchanged numerous e-mails in an attempt to resolve this dispute without the Court's involvement. Notably, the parties did not confer telephonically prior to Plaintiff filing its Motion. *Ragonesi Decl.*, ¶ 2. Given the nature of the dispute (and the lengthy e-mail exchanges), such a teleconference would likely have been futile. *Id.*

## V.   LEGAL STANDARD

This decision whether or not to quash Defendants' subpoenas is trusted to the Court's sound discretion. *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225,

DEFS' OPP. TO MOT. TO QUASH - 3
2:19-cv-00490-TSZ

1002-01464/443264 docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

229 (9th Cir.1975) (reviewing the decision to quash a subpoena for abuse of discretion).

In federal practice, the only way a party can obtain records directly from a nonparty is via a subpoena for production of records. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii); F. Subpoena, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-F. Under Federal Rule of Civil Procedure 45, a party may move to quash a subpoena when the subpoena "requires disclosure of privileged or other protected matter, if no exception to waiver applies…" Fed. R. Civ. P. 45(d)(3).

"The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed." *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir.1966); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("[T]he party who moves to quash a subpoena has the "burden of persuasion" under Rule 45(c)(3)."). Therefore, the burden is on Plaintiff Estate to show the subpoenas issued by Defendants require disclosure of unexcepted privileged information. It cannot make such a showing for the reasons outlined below.

## VI.   ARGUMENT

Plaintiff's Motion to Quash should be denied for four reasons. *First*, the Estate waived Mr. Leng's medical privacy rights (if any) by filing this lawsuit. *Second*, to the extent Plaintiff has a valid privacy interest in Mr. Leng's medical records, those interests are protected by the Court's Stipulated Protective Order. *Third*, any artificial limitations on the scope of Mr. Leng's medical records would unreasonably deprive Defendants of their ability to fully understand Mr. Leng's pre-incident condition. And *fourth*, Plaintiff suggests "typically" its attorney obtains the medical records and produces those records he deems non-privileged; it may be typical of Plaintiff's counsel's practice which is located in Chicago, Illinois; but it is not consistent with custom or practice in this District.

**1.   Plaintiff waived Mr. Leng's medical privacy rights (if any) by filing this lawsuit.**

Plaintiff's principal argument is based on a false premise: that Mr. Leng has any

DEFS' OPP. TO MOT. TO QUASH - 4
2:19-cv-00490-TSZ
1002-01464/443264 docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

medical privacy rights given that his Estate has filed a civil rights lawsuit in federal court alleging Defendant Officers are responsible for "breaking his neck." *See Bayne v. Provost*, 359 F. Supp. 2d 234, 238 (N.D.N.Y. 2005) ("Indeed, even if there were any physician-patient privileges that may be applicable here, they have been waived by the commencement of this action. By commencing this action and seeking damages for his medical injuries, Bayne has placed his relevant medical condition at issue.").

The Health Insurance Portability and Accountability Act ("HIPAA") does not apply to shield a plaintiff from having to produce his or her medical records in the context of a lawsuit. *Thomas v. 1156729 Ontario Inc.*, 979 F. Supp. 2d 780, 784 (E.D. Mich. 2013) ("The HIPAA regulations plainly permit adversaries in litigation to have access to a claimant's medical *records* that are relevant to the issues in the litigation."). Judicial proceedings are forums in which health information may be disclosed or disseminated pursuant to 45 C.F.R. § 164.512. The pertinent regulation regarding the standard for disclosure of health information for judicial proceedings reads as follows:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

DEFS' OPP. TO MOT. TO QUASH - 5
2:19-cv-00490-TSZ
1002-01464/443264 docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

45 C.F.R. § 164.512(e).

Therefore, it is evident that a purpose of HIPAA was that health information, that may eventually be used in litigation or court proceedings, should be made available during the discovery phase. *Id.* at § 164.512(e)(1)(ii). And, § 164.512(e) unequivocally permits health care providers and other covered entities to disclose protected health information without patient consent in judicial proceedings. *Northwestern Mem. Hosp. v. Ashcroft,* 362 F.3d 923, 925 (7th Cir.2004). Simply raising the specter of HIPAA is thus insufficient.[1] *See also* RCW 5.60.060(4)(b) ("Ninety days after filing an action for personal injuries or wrongful death, the claimant shall be deemed to waive the physician-patient privilege.").

Because Plaintiff has failed to show how HIPAA protects Mr. Leng's medical records from disclosure, its Motion to Quash should be denied.

**2.     Mr. Leng's privacy is protected by the Court's Stipulated Protective Order.**

Assuming Plaintiff's counsel is correct, that Plaintiff has some interest in the privacy of Mr. Leng's medical records, that interest is adequately protected by the Court's Stipulated Protective Order. *See* Dkt. No. 18. Plaintiff offers no explanation why the Court's Order provides insufficient protection for any privacy concerns. Indeed, if this was not the purpose of the parties' stipulation for a protective order, what was? *See United States v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir.2005) ("Moreover, because McKesson appealed before the district court had been presented with or considered a protective order that might have addressed McKesson's privacy concerns, any potential prejudicial consequences of the district court's disclosure order are speculative."); *Kelleher v. Fred Meyer Stores Inc.*, 302 F.R.D. 596, 599 (E.D. Wash. 2014) ("To the extent the parties have privacy concerns, the Court anticipates counsel can resolve those issues

---

[1] If Plaintiff could show a specific reason for restricting access to Mr. Leng's medical records, such as a sensitive medical history irrelevant to the lawsuit, the Court would be well within its discretion to tailor Defendants' subpoenas accordingly. No such evidence is before the Court.  Defendants attempted to confer with Plaintiff to determine the specific nature of the records and whether there was unrelated information contained in them, but Plaintiff declined to respond to the questions regarding the records held by each provider subject to an intended subpoena. The PR of the Estate, Mr. Leng's wife and care provider, would have this information but Plaintiff stated this was attorney client privileged information and declined to provide it to Defendants and has not submitted it in support of this Motion.  Dkt #19-2, pp. 8-12.

DEFS' OPP. TO MOT. TO QUASH - 6
2:19-cv-00490-TSZ
1002-01464/443264 docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

through any necessary protective orders."); *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) ("In light of such a protective order, I find any remaining privacy concerns negligible."); *Wells Fargo Bank, N.A. v. Iny*, 2:13-CV-01561-MMD, 2014 WL 1796437, at *2 (D. Nev. May 6, 2014) ("Privacy concerns, however, can be addressed through entry of a stipulated protective order.") (UNPUBLISHED).

Because Plaintiff's privacy concerns have been sufficiently addressed by the Court's Stipulated Protective Order, its Motion to Quash should be denied.

**3. The Court should reject artificial limitations on the scope of Mr. Leng's medical records.**

Beyond the inapposite citations to HIPAA, Plaintiff has not identified any legal or factual basis for its proposed limitations on the scope of Defendants' subpoenas. The only *evidence* in the record comes from Defendants on this point. *See Scher Decl.*, ¶¶ 2-5. Dr. Scher needs to review records dating further back than three years, as proposed by Plaintiff, in order to reach determinations on causation in this case. Plaintiff is not a medical expert, thus its opinion on the length of medical history that is needed is not helpful to the Court's determination on this motion. Likewise, allowing an party's attorney who is not medically trained to review medical records and decide what information should be needed by the medical expert for his review is not reliable and will likely cause delay and future motion practice to compel production of records if they are withheld by counsel.

**4. Plaintiff's counsel's "typical" practice should have no bearing on the Court's ruling.**

Plaintiff's counsel makes repeated references in his brief to his "typical" practice or what is "typically" done. *See, e.g.,* Plaintiff's Mot., 7:2-6 ("…this Court should quash Defendants' subpoenas and allow litigation to continue as it typically does in situations like this…"). These references are neither helpful nor accurate. None of the Rules contemplate the convoluted process advocated for by Plaintiff's counsel. Federal Rule of Civil Procedure 45 anticipates obtaining medical records directly from third party providers. The

DEFS' OPP. TO MOT. TO QUASH - 7
2:19-cv-00490-TSZ

1002-01464/443264 docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Court should allow Defendants to proceed based on course set forth in Rule 45 and should reject the path supported only by Plaintiff's counsel's "typical" practice.

### VII.   CONCLUSION

Defendants respectfully request the Court deny Plaintiff's Motion to Quash.

DATED: July 22, 2019

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Brian C. Augenthaler*
Shannon M. Ragonesi, WSBA #31951
Brian C. Augenthaler, WSBA #44022
Attorneys for Defendants

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: sragonesi@kbmlawyers.com
baugenthaler@kbmlawyers.com

DEFS' OPP. TO MOT. TO QUASH - 8
2:19-cv-00490-TSZ

1002-01464/443264 docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**

David B. Owens, WSBA #53856
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
T: 312-243-5900
Email:  david@loevy.com
andrew@loevy.com

**Attorneys for Plaintiffs**

Harry Williams IV, WSBA #41020
Law Office of Harry Williams LLC
707 E. Harrison
Seattle, WA 98102
T: 206-451-7195
Email:  harry@harrywilliamslaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

N/A

DATED: July 22, 2019

*/s/ Christine Jensen Linder*
Christine Jensen Linder, Legal Assistant
Email: clinder@kbmlawyers.com

DEFS' OPP. TO MOT. TO QUASH - 9
2:19-cv-00490-TSZ

1002-01464/443264 docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423