UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF WANGSHENG LENG,

Plaintiff,

v.

CITY OF ISSAQUAH, et al.,

Defendants.

C19-490 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's Unopposed Motion for Leave to File Response to Defendants Motion to Seal, docket no. 35, is GRANTED.

(2) Defendants' Motion to Seal, docket no. 23, is GRANTED. The autopsy report shall remain under seal pending further order of the Court.

(3) Plaintiff's Motion to Quash Defendants' Overbroad Medical Subpoenas, docket no. 19, is GRANTED, without prejudice. Some of Leng's medical records might be relevant to this action, but Defendants are incorrect that the filing of the lawsuit "waived any of Mr. Leng's privacy rights that may have survived his passing." Defs.' Opp. to Motion to Quash, docket no. 20, at 1. Plaintiff's privacy interest in Leng's medical records survived his passing and have not been waived entirely by filing this lawsuit. *See, e.g.*, 45 C.F.R. § 164.502(f) (HIPAA provision requiring covered entities to comply with requirements for protected health information "of a deceased individual for a period of 50 years following the death of the individual), 45 C.F.R. § 164.502(g)(4) (instructing covered entities to treat an executor or administrator as the "individual" for purposes of HIPAA). The subpoenas, which ask for "[a]ll records relating to Wangsheng Leng" from various medical providers without any limitation whatsoever (*see, e.g.*, Pltf.'s

MINUTE ORDER - 1

Mot. to Quash, docket no. 19, Ex. 1, at 3) are overbroad, request potentially privileged material, and could subject Plaintiff to unwarranted embarrassment. *See* Fed. R. Civ. P. 45(d)(3)(A); 26(b)(1) & (c)(1). At this point—i.e., before the parties or the Court know what records are at issue and what subset of those records Defendants' experts believe they require—it would also be unduly burdensome to force Plaintiff to turn over a complete set of unredacted medical records that may or may not be relevant to this action. The protective order provides only limited protection of Plaintiff's privacy interests by preventing dissemination of confidential medical records—it does not prevent their disclosure to Defendants.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of August, 2019.

<u>William M. McCool</u>
Clerk

<u>s/Karen Dews</u>
Deputy Clerk

MINUTE ORDER - 2