1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| ESTATE OF WANGSHENG LENG, by and through administrator, LIPING YANG,<br><br>                Plaintiffs,<br><br>    v.<br><br>THE CITY OF ISSAQUAH, ISSAQUAH POLICE OFFICER M. LUCHT #1201, and ISSAQUAH POLICE OFFICER KYLEN WHITTOM #1210,<br><br>                Defendants. | No. 19-490<br><br><br><br><br><br>JURY TRIAL DEMANDED |

10
11
12
13
14
15
16
17
18

### **COMPLAINT**

19
20

    Plaintiffs, ESTATE OF WANGSHENG LENG, by and through

21

administrator LIPING YANG, and LIPING YANG in her own personal

22

capacity, complain of Defendants THE CITY OF ISSAQUAH, ISSAQUAH

23
24

First Amended Complaint – Page 1
Case No. 19-CV-490

<span style="float:right">**LOEVY & LOEVY**<br>311 N. ABERDEEN STREET 3FL<br>CHICAGO, IL 60607<br>TELEPHONE: (312) 243-5900</span>

POLICE OFFICER M. LUCHT #1201, and ISSAQUAH POLICE OFFICER

K. WHITTOM, #1210, as follows:

### Introduction

1.      Wangsheng Leng should be alive today. Tragically, however, his life was taken from him due to the excessive use of force of two Issaquah Police Department officers—Defendant M. Lucht #1201, and Defendant Kellyn Whittom #1210 (the "Defendant Officers").

2.      Despite the fact that he was a slight, elderly man with an obvious inability to communicate with them, despite the fact that no crime had occurred, and despite the fact that there was no reasonable basis for believing a crime had happened, the Defendant Officers rushed into Mr. Leng's apartment to unlawfully seize him within in his own home.

3.      In so doing, and though no amount of force was justified, among other injuries, the Defendant Officers broke Mr. Leng's cervical spine, causing him to go limp. Despite the eventual medical treatment Mr. Leng received, he was unable to overcome the injuries unconscionably inflicted on him by the Defendant Officers in violation of his rights, and died as a result of the Defendant Officers' egregious conduct.

4.      Coming near the door of his own apartment and speaking a language they did not understand was all it took for Defendants Lucht and Whittom to unlawfully seize and ultimately kill Mr. Leng.

First Amended Complaint – Page 2
Case No. 19-CV-490

**LOEVY & LOEVY**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

5.      Given the flagrancy of the Defendant Officers' conduct and the fact that the City of Issaquah has approved of their actions, it is plain that the Issaquah Police Department failed to adequately train, supervise, and discipline its officers and further that the City ratified their actions. As a result, the City of Issaquah is liable for the unconstitutional death of Mr. Leng as well.

6.      Nothing can bring Mr. Leng back to his loving family, friends, and community. This action, brought under the United States Constitution, the Constitution of the State of Washington, and other Washington law nonetheless seeks some measure of justice for the wrongful, unjustified actions of the Defendant Officers and the City of Issaquah.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1331.

8.      Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein all occurred within this district, and, upon information and belief, all of the parties reside in King County.

## PARTIES

9.      The Estate of Wangsheng Leng represents the property and legal interests of decedent Wangsheng Leng.

10.     Liping Yang loved her husband dearly, and enjoyed the life they shared together for decades of marriage. Mrs. Yang is the widow of Wangsheng Leng and court-appointed administrator of his Estate.

First Amended Complaint – Page 3
Case No. 19-CV-490

**LOEVY & LOEVY**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

11. Defendant City of Issaquah is a Washington municipal corporation that operates the Issaquah Police Department (the "IPD" or "Department"), which in turn sets city-wide policy for the conduct of police officers employed by the Department.

12. Defendants M. Lucht #1201, and Kylen Whittom, #1210 (the "Defendant Officers") are sworn IPD police officers who, at all times relevant to this action, were acting under color of law and within the scope of their employment as Issaquah police officers.

## FACTUAL ALLEGATIONS

13. Wangsheng Leng and Mrs. Yang were married in 1978, and had been happily married for thirty years.

14. To be closer to Mrs. Yang's family residing in Washington, Mr. Leng and his wife moved from China to Issaquah in 2010 as they began the first stages of retirement.

15. Issaquah is home to a vibrant Chinese community, particularly downtown where there is a community center, library, and other civic gathering places.

16. As a result, the City of Issaquah understands that many of its citizens are native Chinese speakers and host programs and posts signs in Chinese to reflect this demographic fact. Issaquah Police Department officers also know that they will frequently encounter civilians who are unable to speak fluent—or any—English.

LOEVY & LOEVY
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

17.    On August 5, 2018, Wangsheng Leng and Plaintiff Yang proceeded through their day like they had many others. They prepared food and went for a lengthy walk in the neighborhood, enjoying the warm weather summer in the Northwest in the shadow of Issaquah's Squak Mountain.

18.    That afternoon, Mr. Leng and Mrs. Yang were at their apartment in Issaquah.

19.    Mr. Leng and Mrs. Yang responded to a knock at the door of their apartment.

20.    Surprisingly, two IPD officers, Defendants Lucht and Whittom, were at the door.

21.    The Defendant Officers were responding to a purported verbal disturbance relating to an East Asian, received from a 911 caller. Among other things, the Defendant Officers were told that the occupants of the apartment were in their 50-60s.

22.    When the Defendant Officers arrived, there were no signs of any disturbance, verbal or any other sort.

23.    When the officers arrived they did not hear any shouting, yelling, or the like.

24.    Nor did the Defendant Officers see or hear any other signs of a domestic disturbance of any sort.

25.    Nor did the Defendant Officers speak with the 911 caller.

LOEVY & LOEVY
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

26.     The Defendant Officers took no steps to verify details from the dispatch, despite the fact the situation they confronted conflicted with what the dispatch call. Failing to take any of these investigative steps was negligent and  constituted a failure to follow accepted police practices.

27.     Meanwhile, Mr. Leng and Mrs. Yang were quietly spending time at home. They had no idea the police had been called, or that the police were on the way.

28.     Mr. Leng and Mrs. Yang are native Chinese speakers and do not speak or understand much English.

29.     The Defendant Officers knocked on the door, which Mrs. Yang opened.

30.     It was immediately apparent to the Defendant Officers that they could not communicate with Mrs. Yang, owing to the difference in language.

31.     When Mr. Leng later entered their view, it was obvious that the Defendant Officers could not communicate with him either.

32.     The Defendant Officers also observed that Mr. Leng was much shorter than them, that he was elderly, and knew that he was Chinese or another East Asian race.

33.     The Defendant Officers had the opportunity to call an interpreter, but neglected to do so.

34.

First Amended Complaint – Page 6
Case No. 19-CV-490

LOEVY & LOEVY
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

35.     Nonetheless, rather than trying to make an effort to meaningfully communicate with him or obtain help, the Defendant Officers decided to seize Mr. Leng.

36.     Doing so was unjustified; Mr. Leng had not committed any crime or done anything unlawful; he had merely walked around his apartment while speaking his native language, which the officers did not understand.

37.     Deciding to seize Mr. Leng was unreasonable, negligent, and recklis; it failed to follow established police practices; and it unreasonably escalated the likelihood the encounter would result in a use of unnecessary force.

38.     The Defendant Officers did not have an arrest warrant, search warrant, or any independent lawful basis for entering the home or for seizing Mr. Leng.

39.     The Defendant Officers did not observe a crime or have probable cause to believe one was being committed in their presence.

**Defendant Officers Unlawfully Seize Mr. Leng And Use Excessive Force**

40.     In addition to doing nothing that would have justified being seized, Mr. Leng did not do anything would have justified being the subject of *any* force.

41.     Nonetheless, when the Defendant Officers decided to unlawfully seize Mr. Leng, they also agreed to do so by force.

First Amended Complaint – Page 7
Case No. 19-CV-490

42.     This decision was unreasonable, negligent, and reckless; it failed to follow accepted police practices; and it unreasonably escalated the likelihood the encounter would result in unnecessary harm, trauma, or injury to Mr. Leng.

43.     Working together—as two young, healthy, and strong IPD officers who towered over the elderly Mr. Leng—the Defendant Officers forcibly grabbed Mr. Leng by the arms as they stormed into the apartment.

44.     The manner in which the Defendant Officers rushed into the apartment was unreasonable, negligent, and reckless; it failed to follow accepted police practices; and it unreasonably escalated the likelihood the encounter would result in unnecessary force and harm, trauma, and injury to Mr. Leng.

45.     The Defendant Officers—one on each arm—then threw Mr. Leng on to the couch and began to bend his arms behind his back, applying significant pressure to his spinal cord. The officers, with no justification for so doing, eventually handcuffed Mr. Leng behind his back.

46.     Mr. Leng went limp.

47.     Even then, the Defendant Officers did not remove the handcuffs. They left him there, limp and suffering.

48.     Even when Mr. Leng regained his ability to move, the Defendant Officers kept him seized and handcuffed in a chair, imposing substantial pain and distress to Mr. Leng as well as Mrs. Yang, who had to watch her husband suffer.

**LOEVY & LOEVY**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

49.     Both Defendant Lucht and Defendant Whittom had the opportunity to prevent the other from unlawfully seizing and using excessive force against Mr. Leng, but elected not to do so.

50.     Instead, both officers chose to effectuate a seizure and use force where neither was justified but was instead an unnecessary, negligent, and reckless, aggravation.

51.     At no point during Mr. Leng's encounter with the Defendant Officers did Mr. Leng pose any sort of threat to the officers or his wife or anyone else that was sufficient to justify the use of force.

**The Defendant Officers' Use of Force Kills Mr. Leng**

52.     Defendant Officers' use of excessive force did more than cause Mr. Leng to go "limp" for a few moments. Indeed, as medical testing would later confirm, the Defendant Officers' use of force against Mr. Leng caused significant spinal-cord damage  and irretrievably damaged his cervical spine.

53.     Mr. Leng also developed orthostatic hypotension—a permanent condition that impacts one's blood pressure—due to the Defendant Officers' excessive force.

54.     It was obvious that Mr. Leng suffered a significant injury, due to the Defendant Officers' actions in throwing him to the couch and seizing him.

**LOEVY & LOEVY**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

55. The Defendant Officers recognized as much by calling in emergency medical help from other Issaquah first responders. Even then, they kept him in handcuffs.

56. The Defendant Officers knew that had made a huge mistake. Rather than admit it, they tried to cover it up. For example, after the incident, the Defendant Officers wrote sworn police reports about the incident that included either false statements and/or others that were intentionally misleading. The reports were written this way as an attempt by the Defendant Officers to both minimize their actions and to make it seem as if there was a justification for the seizure and use of force, even though there was not.

57. Shockingly, and untruthfully, one report claims there were "no injuries" as a result of the incident, although the officers themselves had called for emergency medical aid.

58. In reality, the damage caused by the Defendant Officers was so bad that Mr. Leng had to have surgery in an attempt to repair or at least mitigate the wounds he suffered.

59. At the time of the surgery, the outlook was bleak: at best Mr. Leng could expect to be confined to a wheelchair for the remainder of his life, owing to the debilitating spinal fracture and permanent orthostatic hypotension.

First Amended Complaint – Page 10
Case No. 19-CV-490

60.     Mr. Leng could also expect to suffer from other health consequences, including but not limited to pneumonia, bed sores, and pulmanory embolism, all as a result of the Defendant Officers use of force.

61.     Mr. Leng suffered greatly during this period of time—in the days after the Defendant Officer's unlawful use of force, and after his surgery.

62.     Mrs. Yang suffered dearly as well, seeing her husband of more than three decades go from physically healthy and happy to physically incapacitated and suffering in hospital.

63.     Ultimately, the consequences of the Defendant Officers' unlawful use of force were grave.

64.     Mr. Leng died as a result of the injuries he suffered at the hands of the Defendant Officers.

65.     Accordingly, the King County Medical Examiner ruled Mr. Leng's death a homicide.

### Issaquah's Polices, Practices, and Training Are the Driving Force Behind the Unlawful Actions of the Defendant Officers

66.     The actions of the Defendant Officers were obviously unconstitutional and unlawful. They killed an elderly man who had not done anything wrong.

67.     In the aftermath, however, the City did not repudiate the Officers; it ratified their conduct. Among other things, the City's supervisors approved of the Defendant Officers' conduct and did not scrutinize their actions whatsoever.

LOEVY & LOEVY
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

68.     The Defendant Officers are newer members of the department, and were trained by the Issaquah police department in how to engage people at their homes, in the use of force, and in attempting to seize someone.

69.     Upon information and belief, the training the Defendant Officers received was inadequate. The sorts of unlawful actions here could and would not have happened if the officers had been adequately trained or, alternatively, unless the Defendant Officers exhibited careless decision-making of which the Department was or should have been aware.

70.     The City of Issaquah found no problems with the use of force or the false arrest of Mr. Leng in this case, including no departures from training.

71.     The Defendant Officers were not reprimanded or disciplined in any way for their interactions with Mr. Leng or Mrs. Yang.

72.     The Defendant Officers felt justified to rush into the home and arrest and throw down an elderly man, because they knew that they would not receive any meaningful discipline for so doing, a fact that proved true.

73.     Upon information and belief, the Defendant Officers knew that IPD officers who have been accused of using excessive force are not disciplined.

74.     As a result of the foregoing, the City of Issaquah's policies, practices, and customs were the moving force behind the treatment of Mr. Leng by the Defendant Officers.

75.     Additionally, the Defendant Officers failed to use ordinary care to avoid unreasonably escalating the encounter to involve the use of force that was

First Amended Complaint – Page 12
Case No. 19-CV-490

**LOEVY & LOEVY**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

ultimately deadly. The manner in which the Defendant Officers interacted with Mr. Leng and his wife, as well as the actions they took in rushing into the house and then using force increased the risk that Mr. Leng would be unreasonably seized, injured, or killed.

76.     Such actions were unreasonable, negligent, and reckless, and they failed to follow accepted police standards. The City of Issaquah is liable for these negligent actions by its officers, which foreseeably resulted in the unreasonable use of force against an innocence man in his home who had committed no crime.

### Plaintiffs' Damages

77.     The Defendants' actions imposed substantial harm on Mr. Leng during the period of time after which he was seized and before he ultimately passed away. Mr. Leng suffered through the agony of a spinal cord fracture, the pain of a surgery to attempt to repair his spinal cord injury and untold pain over the days that followed before he ultimately succumbed to the officer-inflicted injuries and died.

78.     In addition, Mr. Leng, an elderly caring husband, lost the opportunity to live the remainder of his natural life with the woman he truly loved, Li Yang, his wife of more than 30 years.

79.     Likewise, Mrs. Yang has suffered an immeasurable harm: losing her husband through the senseless and unjustified actions of police officers. She spent countless hours at the hospital hoping her husband could recover, only to learn

First Amended Complaint – Page 13
Case No. 19-CV-490

**Loevy & Loevy**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

that he would not. The remainder of her days will be, and have been, forever altered by the actions of the Defendant Officers.

80.     Mr. Leng was loved and cared for by his children, extended family members, as well as those within the retired community in Issaquah, of which he was a part. They have all been harmed by his tragic, unnecessary death.

## Count I – Fourth Amendment Excessive Force

81.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

82.     As described in the preceding paragraphs, the Defendant Officers' actions toward Wangsheng Leng violated Leng's constitutional rights, including but not limited to those under the Fourth and Fourteenth Amendments of the United States Constitution due to the use of force that was entirely unjustified.

83.     The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others.

84.     The conduct described in this Count was undertaken pursuant to the policies, practices, and customs of the City of Issaquah, such that the City can be liable in the following ways:

a.     The City of Issaquah, through its approval of the Defendant Officers' actions, has ratified their conduct by indicating that the Defendant Officers acted pursuant to the polices, customs, and practices of the Department.

First Amended Complaint – Page 14
Case No. 19-CV-490

LOEVY & LOEVY
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

b.      As a matter of both policy and practice, the City of Issaquah encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference;

c.      As a matter of both policy and practice, the City of Issaquah facilitates the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading IPD officers to believe their actions will never be meaningfully scrutinized and, in that way, directly encouraging future uses of excessive force such as those Plaintiffs complain of;

d.      The City of Issaquah maintains written policies, but they were obviously deficient here and included a "gap" in policy that would have been obvious to create, given the frequency with which patrol officers encounter citizens who do not speak fluent English but of which IPD officers will later react.

85.      As a result of the City of Issaquah's policies and practices, and the unjustified and unreasonable conduct of the Defendant Officers, Plaintiffs suffered injuries, including pain, suffering, emotional distress, death, and a host of other harms.

First Amended Complaint – Page 15
Case No. 19-CV-490

LOEVY & LOEVY
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

## Count II – Fourth Amendment Unlawful Seizure

86.     Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

87.     In the manner described in this Complaint, the Defendant Officers violated Mr. Leng's constitutional rights, causing him damage by unlawfully seizing him in the absence of probable cause, without a warrant, or any other lawful justification in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

88.     The misconduct described in this Count caused Wangsheng Leng damages, was objectively unreasonable, and was undertaken intentionally with willful indifference to Mr. Leng's constitutional rights.

89.     The conduct described in this Count was undertaken pursuant to the policies, practices, and customs of the City of Issaquah, such that the City can be liable in the following ways:

a.     The City of Issaquah, through its approval of the Defendant Officers' actions, has ratified their conduct by indicating that the Defendant Officers acted pursuant to the polices, customs, and practices of the Department

b.     As a matter of both policy and practice, the City of Issaquah encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference;

First Amended Complaint – Page 16
Case No. 19-CV-490

**LOEVY & LOEVY**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

c.      As a matter of both policy and practice, the City of Issaquah facilitates the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading IPD officers to believe their actions will never be meaningfully scrutinized and, in that way, directly encouraging future uses of excessive force such as those Plaintiffs complain of;

d.      The City of Issaquah maintains written policies, but they were obviously deficient here and included a "gap" in policy that would have been obvious to create, given the frequency with which patrol officers encounter citizens who do not speak fluent English but of which IPD officers will later interact.

90.     As a result of the City of Issaquah's policies and practices, and the unjustified and unreasonable conduct of the Defendant Officers, Plaintiffs suffered injuries, including pain, suffering, emotional distress, death, and a host of other harms.

### Count III—State Law Claim
### Negligence

91.     Each paragraph of this Complaint is incorporated as if restated fully herein.

92.     The City of Issaquah, though its officers, owes a duty of care to persons with whom they foreseeably interact with in the course of police duties, including in the likely use of force, to take reasonable care not to cause forseeable harm in the course of such law enforcement interactions.

**LOEVY & LOEVY**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

93.     The City of Issaquah owed such a duty to Mr. Leng, and the actions of its agents breached that duty.

94.     This breach proximately caused Mr. Leng sever injury and ultimately death, as described and alleged above.

95.     The City of Issaquah is liable to Plaintiff for the negligent actions of its officers that proximately cause him injury and death, and further destroyed the husband-wife relationship.

## Count IV—State Law Claim
## Assault & Battery

96.     Each paragraph of this Complaint is incorporated as if restated fully herein.

97.     As described above, the Defendant Officers used force against Mr. Leng, resulting in harmful or offensive contact.

98.     In using force against Mr. Leng, the Defendant Officers intended to cause physical pain or injury, to be insulting, and/or to cause offensive contact.

99.     The misconduct described in this Count was undertaken with willfulness and reckless indifference to the rights of others.

100.    As a proximate result of this misconduct, Mr. Leng suffered severe physical pain, emotional distress and anguish, and death.

LOEVY & LOEVY
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

## Count V—State Law Claim
## Wrongful Death

101.    Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

102.    All Defendants are liable for damages arising from the Defendant Officers' unlawful conduct that caused Mr. Leng's death in that Mr. Leng's injuries and death were caused by the Defendant Officers' wrongful acts, negligence, carelessness, unskillfulness, or default while the Defendant Officers were acting as agents of the City of Issaquah.

103.    The Defendant Officers' actions as described in this Complaint were a substantial factor in bringing about Wangsheng Leng's death, and without those actions, the death of Mr. Leng would not have occurred.

104.    Li Yang, Mr. Leng's wife, has suffered loss of companionship and mental anguish as a result of the wrongful death of Wangsheng Leng.

## Count VI—State Law Claim
## Survival Action

105.    Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

106.    Plaintiff Li Yang is the legal representative authorized to pursue these claims against Defendants.

107.    Prior to his death, Wangsheng Leng suffered serious personal injuries including but not limited to severe pain and emotional distress.

LOEVY & LOEVY
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

108.     All Defendants are liable for these damages arising from the Defendant Officers' unlawful conduct that caused Mr. Leng severe pain and emotional distress in that Mr. Leng's injuries were caused by the Defendant Officers' wrongful acts, negligence, carelessness, unskillfulness, or default while acting as an agent of the City of Issaquah.

109.     The Defendant Officers' actions as described in this Complaint were a substantial factor in bringing about the injuries described in this Count, and without those actions, these injuries would not have occurred.

### Count VII—State Law Claim
### Article I, Section 7, Washington Constitution

110.     Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

111.      In the manner described more fully above, the Defendant Officers violated Article I, Section 7 of the Constitution of the State of Washington.

112.     The conduct described in this Count caused both Mr. Leng and Mrs. Yang damages, and was further taken willfully or with reckless indifference to the rights of others.

113.     As a result of the violation of their rights under the Washington State Constitution, Plaintiffs are entitled to equitable relief.

**LOEVY & LOEVY**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

## Count VIII—State Law Claim
### *Indemnification*

114.    Each paragraph of this Complaint is incorporated as if restated fully herein.

115.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers acted at all relevant times within the scope of their employment for the City of Issaquah.

116.    As a result, pursuant to State Law, the City of Issaquah must indemnify the Defendant Officers for any judgment against them.

## Count IX—State Law Claim
### *Respondeat Superior*

117.    Each paragraph of this Complaint is incorporated as if restated fully herein.

118.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers acted at all relevant times within the scope of their employment for the City of Issaquah.

119.    Defendant City of Issaquah, as principal, is liable for all torts, including Counts III-VIII above, committed by its agents.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in her favor and against Defendants the CITY OF ISSAQUAH, ISSAQUAH POLICE OFFICER M. LUCHT #1201, and ISSAQUAH POLICE OFFICER K. WHITTOM, #1210, award compensatory damages and attorneys'

**LOEVY & LOEVY**
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

fees, as well as punitive damages against ISSAQUAH POLICE OFFICERS M. LUCHT #1201 K. WHITTOM, #1210, and any other relief this Court deems just and appropriate, including but not limited to equitable and/or injunctive relief. Plaintiffs prays that should a judgment be entered against the City of Issaquah on the federal claims above that injunctive relief be entered so that the policies, practices, and customs of the Department that led to the tragic death of Mr. Leng can be reformed and, hopefully, prevent further damage to the community in the future.

LOEVY & LOEVY
311 N. ABERDEEN STREET 3FL
CHICAGO, IL 60607
TELEPHONE: (312) 243-5900

1

**JURY DEMAND**

2            Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of

3    Civil Procedure 38(b) on all issues so triable.

4

5                                      RESPECTFULLY SUBMITTED,

6                                      s/David B. Owens

7                                      *One of Plaintiffs' Attorneys*

8
     LOEVY & LOEVY
9    David B. Owens, WSBA #53856
     311 N. Aberdeen St., 3rd Fl.
10   Chicago, IL 60607
     O: 312.243.5900
11   david@loevy.com

12   LAW OFFICE OF HARRY WILLIAMS LLC.
13   Harry Williams IV, WSBA #41020
     harry@harrywilliamslaw.com.
14   707 East Harrison
     Seattle WA 98102
15   206.451.7195

16
     ***Attorneys for Plaintiffs***
17

18

19

20

21

22

23

24