The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ESTATE OF WANGSHENG LENG, by and through administrator, LIPING YANG, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF ISSAQUAH, ISSAQUAH POLICE OFFICER M. LUCHT #1201, and ISSAQUAH POLICE OFFICER KYLEN WHITTOM, #1210, <br><br> Defendants. | No. 2:19-cv-00490-TSZ <br><br> DECLARATION OF DAVID B. OWENS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT <br><br> NOTE ON MOTION CALENDAR: September 11, 2020 |

I, David B. Owens, declare as follows:

1. I am one of the attorneys representing the Plaintiff in this lawsuit. I make this declaration based upon my own personal knowledge, and am competent to testify to the matters set forth below.

2. The following exhibits are cited or relied upon in Plaintiffs' Motion for Summary Judgment:

    A. Attached as **Exhibit 1** is a true and correct copy of Liping Yang's Declaration, signed April 22, 2020.

    B. Attached as **Exhibit 2** is a true and correct copy of Liping Yang's Declaration, signed August 8, 2020.

    C. Attached as **Exhibit 3** is a true and correct copy of Liping Yang's Deposition, dated March 4, 2020.

    D. Attached as **Exhibit 4** is a true and correct copy of James Leming's Interview Transcript, dated February 5, 2019.

DECLARATION OF DAVID B. OWENS- 1
2:19-cv-00490-TSZ

**LOEVY & LOEVY**
100 S. KING STREET, STE 100
SEATTLE, WA 98104
TELEPHONE: (312) 243-5900

1  E. Attached as **Exhibit 5** is a true and correct copy of Laura Asbell's Deposition Transcript, dated March 6, 2020.

F. Attached as **Exhibit 6** is a true and correct copy of the City's FRCP 30(B)(6) Deposition Transcript, dated May 29, 2020.

G. Attached as **Exhibit 7** is a true and correct copy of Plaintiff's Notice of 30(B)(6) Deposition, dated March 2, 2020.

H. Attached as **Exhibit 8** is a true and correct copy of the Issaquah Police Department's Policy 1019, an exhibit to the 30(b)(6) deposition, *Personnel Complaints*.

I. Attached as **Exhibit 9** is a true and correct copy of the Issaquah Police Department's Policy 340, an exhibit to the 30(b)(6) deposition, *Standards of Conduct*.

J. Attached as **Exhibit 10** is a true and correct copy of Commander Wilson's notes, an exhibit to the 30(b)(6) deposition.

K. Attached as **Exhibit 11** is a true and correct copy of the Issaquah Police Department's Use of Force Log for 2014-2018, Exhibit 5 to the 30(b)(6) deposition.

L. Attached as **Exhibit 12** is a true and correct copy of the Issaquah Police Department's Policy 310, an exhibit to the 30(b)(6) deposition, *Employee Applied Force Investigations*.

M. Attached as **Exhibit 13** is a true and correct copy of the Issaquah Police Department's Policy 300, an exhibit to the 30(b)(6) deposition, *Use of Force*.

N. Attached as **Exhibit 14** is a true and correct copy of the Issaquah Police Department's Use of Force Report for Incident 18-09645.

O. Attached as **Exhibit 15** is a true and correct copy of the Issaquah Police Department Policy 322, an exhibit to the 30(b)(6) deposition, *Search and Seizure*.

P. Attached as **Exhibit 16** is a true and correct copy of the Issaquah Police Department's Policy 306, an exhibit to the 30(b)(6) deposition, *Handcuffing and Restraints*.

Q. Attached as **Exhibit 17** is a true and correct copy of the City of Issaquah's Annual Reviews of Use of Force, an exhibit to the 30(b)(6) deposition, for years 2014, 2015, 2016, 2017 and 2018.

R. Attached as **Exhibit 18** is a true and correct copy of the Issaquah Police Department's Organization Chart an exhibit to the 30(b)(6) deposition.

S. Attached as **Exhibit 19** is a true and correct copy of Scott Behrbaum's Deposition Transcript, dated March 6, 2020.

T. Attached as **Exhibit 20** is a true and correct copy of the CAD Details related to 911 caller James Leming.

DECLARATION OF DAVID B. OWENS- 2
2:19-cv-00490-TSZ

**LOEVY & LOEVY**
100 S. KING STREET, STE 100
SEATTLE, WA 98104
TELEPHONE: (312) 243-5900

U. Attached as **Exhibit 21** is a true and correct copy of the City's responses to Plaintiffs' First Set of Requests for Admission to the City of Issaquah with Supplemental Responses, dated June 17, 2020.

V. Attached as **Exhibit 22** is a true and correct copy of Whittom's Responses to Plaintiffs' First Set of Interrogatories to Defendant Whittom, dated July 19, 2019.

W. Attached as **Exhibit 23** is a true and correct copy of Lucht's Responses to Plaintiffs' First Set of Interrogatories to Defendant Lucht and Responses Thereto, dated July 19, 2019.

X. Attached as **Exhibit 24** is a true and correct copy of Plaintiff's First Set of Interrogatories to the City of Issaquah and Responses Thereto, dated July 19, 2019.

Y. Attached as **Exhibit 25** is a true and correct copy of redacted medical records from Swedish hospital concerning Wangsheng Leng.

3. As it concerns the declaration listed as Exhibit 2 above, Plaintiffs position has always been that there was no reason to suspect or seize Mr. Leng, as alleged in the Complaint, Dkt. 1, at 6-7, the First Amended Complaint, Dkt. 40 at 6-7, which includes a rejection of the notion, as Officer Lucht contends, Yang's shirt was pulled up to her chest and he thought Leng was restraining her. *See* Dkt. 62-7 at 3 ("When I observed the female her t-shirt was pulled up to her chest, exposing her stomach and it appeared the male was holding her from behind."). I had believed that Yang's statements to Detective Mike Mellis of the King County Sheriff's office had demonstrated, definitively, that Lucht was wrong; as Yang clearly stated she was never grabbed or hit and did not feel any sort of grabbing. In light of Defendants' expert police practices report from Jeffery Paynter, which I felt ignored Yang's testimony, Yang signed the first declaration, disclosed in April (a couple weeks after the expert disclosures). Defendants have made a new argument at summary judgment that the declaration is consistent with Yang's shirt being pulled up after Leng arrived (which would mean that Leng would have had to of done this literally in front of the officers after he arrived at the door and is inconsistent with Lucht's own report). Dkt. 60 at 2 n.1. Regardless, to ensure the Court has an understanding of the factual disputes here, Yang has provided a second declaration that expands upon her statements to King County and in her prior declaration. The testimony is entirely consistent: her shirt was never pulled up. Defendants did not ask Yang about the "shirt

DECLARATION OF DAVID B. OWENS- 3
2:19-cv-00490-TSZ

**LOEVY & LOEVY**
100 S. KING STREET, STE 100
SEATTLE, WA 98104
TELEPHONE: (312) 243-5900

issue" at her deposition, and I believed the issue had been definitively resolved by Yang's original interview and subsequent declaration but Defendants' new argument had not ever been addressed (or made) in this litigation before.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

DATED this September 8, 2020, at Seattle, Washington.

## CERTIFICATE OF SERVICE

I, David B. Owens, an attorney, certify that on September 8, 2020, I caused the foregoing to be filed on the court's electronic docket via ECF and thereby effected service on all counsel of record.

/s/David B. Owens

DECLARATION OF DAVID B. OWENS- 4
2:19-cv-00490-TSZ

LOEVY & LOEVY
100 S. KING STREET, STE 100
SEATTLE, WA 98104
TELEPHONE: (312) 243-5900