UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF WANGSHENG LENG, by and through administrator LIPING YANG; and LIPING YANG, individually,

Plaintiffs,

v.

CITY OF ISSAQUAH; ISSAQUAH POLICE OFFICER M. LUCHT #1201; and ISSAQUAH POLICE OFFICER KYLEN WHITTOM #1210,

Defendants.

C19-490 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion to exclude, docket no. 66, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

  (a) With regard to plaintiffs' expert Susan Peters, defendants' motion to exclude is GRANTED in part, and Peters will not be permitted at trial to offer legal opinions or testify about ultimate issues for the trier of fact. *See Fontana v. City of Auburn*, 2014 WL 4162528 at *6 (W.D. Wash. Aug. 21, 2014). The scope of Peters's testimony is otherwise DEFERRED to trial.

  (b) With regard to plaintiffs' expert Jonathan Arden, M.D., defendants' motion to exclude is DENIED. Dr. Arden is qualified to testify that "[c]ausing a cervical spinal cord injury requires substantial force applied to the neck." *See* Arden Report at 3 (docket no. 73-3). Defendants' objections to this and related opinions expressed by Dr. Arden go to their weight, not their admissibility.

MINUTE ORDER - 1

(2)	Plaintiffs' motion to strike, docket no. 97, the declaration of Irving Scher, Ph.D., docket no. 88, is DENIED.

(3)	Plaintiffs' motion, docket no. 68, to exclude Irving Scher, Ph.D. is GRANTED.  Irving Scher is a biomechanical engineer, not a medical doctor.  He is not qualified to opine that Wangsheng Leng's "disc bulges, osteophytes (anterior and posterior), and facet hypertrophy were a result of long term degeneration," as opposed to an "acute loading event," Scher Report at 7, 9 (docket no. 71-1).  See Contreras v. Brown, 2018 WL 7254917 at *3 (D. Ariz. Dec. 4, 2018).[1]  He also lacks the expertise to opine that "Mr. Leng had pre-existing pathologies that made him more susceptible to his injuries," Scher Report at 8, and his conclusion that Officers Lucht and Whittom had "no way . . . to determine" Mr. Leng's alleged susceptibility is outside the bounds of proper expert testimony.  See SEC v. Daifotis, 2012 WL 2051193 at *2 (N.D. Cal. June 7, 2012) (a retained witness "should never be allowed to pretend to divine for the jury the truth of what actually occurred or what the mental state of an actor was").  His opinion that, because Mr. Leng's "cervical spine pathologies were so significant," determining "the magnitude of force or motion required to create Mr. Leng's injuries" is "not possible," Scher Report at 7, does not assist the trier of fact and therefore does not satisfy the requirements of Federal Rule of Evidence 702.  His conclusion that "no evidence . . . show[s] Officers Lucht and Whittom used excessive force," Scher Report at 8, is both inconsistent with his statement that he cannot quantify the force necessary to inflict the injuries at issue and an improper foray into territory reserved for the trier of fact.

(4)	Plaintiffs' motion, docket no. 69, to exclude Matthew Lacy, M.D. is GRANTED as follows.  Dr. Lacy may not testify in a manner other than in strict rebuttal to the testimony of Dr. Arden.

(5)	Defendants' motion to strike, docket no. 83, the material on Page 2, at Lines 9-11, of plaintiffs' motion, docket no. 72, is DENIED.

---

[1] *Ream v. United States*, 2019 WL 2578600 (W.D. Wash. June 24, 2019), on which defendants rely, is distinguishable.  In *Ream*, the lead expert, Wilson C. "Toby" Hayes, Ph.D. completed medical school courses and taught at Harvard Medical School and Oregon State University, was Vice Chair for Research in the Department of Orthopaedic Surgery at Beth Israel Deaconess Medical Center, and regularly attended x-ray rounds and offered advice to medical residents on the mechanisms and treatment of musculoskeletal injuries.  *Id.* at *2.  Dr. Scher does not have Dr. Hayes's qualifications.  Moreover, in *Ream*, Dr. Hayes and his colleague were offering accident reconstruction services and opining about the types of injuries to be expected from the forces generated in the collision at issue, which were matters within their field of expertise.  *See id.*  In contrast, Dr. Scher is attempting to opine about the medical cause of a spinal condition, a question for which he lacks the requisite medical knowledge and experience.

MINUTE ORDER - 2

(6) Plaintiffs' motion, docket no. 72, to exclude Jeffery Paynter is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

    (a) To the extent that plaintiffs seek to entirely exclude Paynter from testifying at trial, their motion is DENIED.

    (b) To the extent that plaintiffs seek to limit Paynter's testimony, their motion is GRANTED in part, and Paynter will not be permitted to offer legal opinions, including any application of the factors set forth in *Graham v. Connor*, 490 U.S. 386 (1989), opine about the credibility of other individuals, or testify about ultimate issues for the trier of fact, including the proximate or medical cause of Wangsheng Leng's injury and/or death.

    (c) The scope of Paynter's testimony is otherwise DEFERRED to trial.

(7) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 1st day of December, 2020.

                                      William M. McCool
                                      Clerk

                                      s/Gail Glass
                                      Deputy Clerk

MINUTE ORDER - 3