The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF WANGSHENG LENG, by and through administrator, LIPING YANG,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF ISSAQUAH, ISSAQUAH POLICE OFFICER M. LUCHT #1201, and ISSAQUAH POLICE OFFICER KYLEN WHITTOM, #1210,<br><br>Defendants. | No. 2:19-cv-00490-TSZ<br><br>DEFENDANTS' MOTION FOR CLARIFICATION AND RECONSIDERATION REGARDING COURT'S *DAUBERT* RULINGS (DKT. # 112)<br><br>NOTE ON MOTION CALENDAR:<br><br>DECEMBER 15, 2020 |

DEFS' MOT. FOR. RECON. - 1
2:19-cv-00490-TSZ
1002-01464/526790

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

## I. INTRODUCTION

Pursuant to Local Rule 7(h), Defendants respectfully request the Court clarify and/or reconsider its *Daubert* rulings at Docket Number 112.

Defendants request clarification of the following rulings:

- Whether the Court intended to exclude Dr. Irv Scher entirely when Plaintiffs did not request such relief (*See* Dkt. # 68);
- Whether the Court intended to exclude any reference to the use of force factors identified in *Graham*, in addition to the use of the phrase "*Graham v. Connor*," or just the case name itself.

Defendants request reconsideration of the following rulings:

- Excluding Dr. Scher's opinion that Mr. Leng's injury was not the product of an acute loading event.
- Excluding Dr. Scher's opinion that Mr. Leng was especially susceptible to the injury he sustained.
- Excluding Dr. Scher's opinion that determining the precise quantum of force necessary to result in Mr. Leng's injury is impossible, where Dr. Arden's opinion is that it is possible.
- Excluding Dr. Scher's opinion that one cannot say the force used to result in Mr. Leng's injury was "significant," or "substantial," where Dr. Arden's opinion is that such force was used.

Finally, before denying this requested relief, Defendants would respectfully request the Court conduct a *Daubert* hearing into Dr. Scher's opinions and the bases for them.

## II. STATEMENT OF FACTS

**1.     Dr. Scher is not offering medical opinions.**

The Court is correct that Irving Scher, Ph.D., is not a medical doctor and is not qualified to diagnose medical conditions (nor is he attempting to do so here). Dr. Scher is a

DEFS' MOT. FOR. RECON. - 2
2:19-cv-00490-TSZ
1002-01464/526790

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

bioengineer.[1] The opinions he has offered are not opinions for which a medical doctor would be qualified to give. Instead, those opinions are uniquely capable of being addressed by someone in Dr. Scher's field. Dr. Scher went to great lengths in his deposition to describe the relationship between the medical field and his field (biomechanics):

> When you have some type of event, I think of things unfolding in a timeline. You have some event, you know, whether it's a car accident or something like we have here or a slip and fall or whatever it is, there are forces applied to an individual, an individual goes through motions, there's forces internal to the body, and there's motions between segments of the body. Those forces and motions can create some type of damage or problem with the body, what we call an injury. And that link between the event, looking at the forces and motions to create damage to the human body, that's biomechanical engineering, that's what I've been trained in. That's what we were just discussing. When you have the injury, then the individual needs to figure out exactly what's wrong and how to get better so they get diagnosed and treated. And that eventual treatment comes to an outcome, hopefully, the outcome brings the individual to a situation that they were in before the event even started, but that link between the injury and the outcome where you're being diagnosed and treated that's medical science. That's what medical doctors are typically trained in. So we like to think of in the biomechanical engineering community as being on opposite sides of the injury. Medical doctors may have some anecdotal knowledge of biomechanics, and biomechanical engineers may have some anecdotal knowledge of medicine, but, really, we're trained in different areas. So we kind of separate them, if that makes sense.

*Declaration of Brian C. Augenthaler*, Ex. A (*Scher Dep. Tran.*, 23:6-24:15).

Plaintiffs' counsel replied to Dr. Scher's explanation, "Got it. It does make sense." *Id.* at 24:15-20. Counsel went on to clarify that Dr. Scher was not purporting to offer any medical opinions, and Dr. Scher confirmed that was the case. *Id.* Dr. Scher adhered to those principles in his reports and in his letter submitted in response to Plaintiffs' motion "excluding certain proffered expert testimony of defense expert witness Irving S. Scher." *See* Dkt. # 81-1; # 68, 1:16-18; *Declaration of Irving Scher*, ¶ 16.

---

[1] Dr. Scher, like Dr. Hayes mentioned in the Court's footnote, relies on a radiologist for interpretation of medical imaging, along with medical records specific to the subject person. *Scher Decl.*, ¶ 10.

DEFS' MOT. FOR. RECON. - 3
2:19-cv-00490-TSZ
1002-01464/526790

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**2.    Both sides' police practices experts are discussing the *Graham* factors.**

The *Graham* factors for analyzing the reasonableness of force are the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Plaintiffs' police practices expert, Susan Peters, addresses each of the factors.[2] Dkt. 67-1, p. 11, ¶ 12. That Ms. Peters' analysis of these factors is in the same order as set forth in *Graham* is not a coincidence.

### III.    LEGAL AUTHORITY

**1.    Defendants respectfully request clarification on the following rulings.**

    a.    <u>It is unclear whether the Court intended to exclude Dr. Scher entirely.</u>

The Court's ruling reads, "Plaintiffs' motion, docket no. 68, to exclude Irving Scher, Ph.D. is GRANTED." Dkt. #112, 2:2-3. Plaintiffs' motion at Docket Number 68 did not request such broad relief. Instead, the motion and corresponding proposed order requested only that the Court "Exclude Certain Testimony from Defendants' Expert, Dr. Irving Scher…" Dkt. # 68-1, 2:4-6. Defendants respectfully request the Court clarify whether it intended to grant broader relief than that requested of the Court by Plaintiffs, or whether the Court intended to only exclude "Certain Testimony" as sought by Plaintiffs.

    b.    <u>It is unclear whether the experts will be allowed to address the *Graham* factors.</u>

The Court ruled, "Paynter will not be permitted to offer legal opinions, including any application of the factors set forth in *Graham v. Connor*, 490 U.S. 386…" Dkt. #112, 3:4-7 (¶ 6(b)). It is unclear whether the Court intends for there to be no mention of the substance of the underlying factors or whether the problematic testimony is the reference to "*Graham v. Connor*." The police are trained to evaluate the use of force under the "Graham

---

[2] Ms Peters wrote, "At the time of contact, Officers did not have probable cause to arrest Mr. Leng for any type of crime. He did not pose an immediate threat to the safety of officers or others. He was not actively resisting arrest or attempting to flee. Accordingly, the use of force by officers was objectively unreasonable and therefore excessive and unnecessary."

DEFS' MOT. FOR. RECON. - 4
2:19-cv-00490-TSZ
1002-01464/526790

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

factors" in assessing the reasonableness of the force contemplated. *Declaration of Jeffrey C. Paynter*, Dkt. # 4, ¶ 2. Defendants respectfully request clarification whether the Court's intent was to preclude any reference to the factors (whether or not the testimony includes the case name) and whether that prohibition will apply equally to both sides' experts.

**2.  Defendants respectfully request reconsideration of the following rulings.**

The source of the Court's rulings on Dr. Scher's opinions seems to arise from an (understandable) confusion over the relationship between the practice of medicine and the discipline of biomechanical engineering. Biomechanical engineering is a widely recognized subdiscipline of bioengineering, a field for which there can be no reasonable debate that Dr. Scher is qualified to opine. *Scher Decl.*, ¶ 13. Defendants respectfully request the Court reconsider the following rulings related to Dr. Scher.

a.  <u>Dr. Scher should be permitted to testify that Mr. Leng's injury was the not the result of an acute loading event.</u>

Dr. Scher, of all the witnesses in this case, is uniquely qualified to discuss whether Mr. Leng's injury was the result of an acute loading event (application of a single force of sufficient magnitude to cause injury to Mr. Leng's body). *Scher Decl.*, ¶ 17. The Court's ruling excluding this testimony may stem from the apparent conflation of the diagnosis of Mr. Leng's preexisting spinal cord condition with how force would interact with that specific condition as a scientific matter.[3] For Mr. Leng's underlying physiology, Dr. Scher is relying entirely on the conclusions drawn by treating providers, the medical examiners, and the radiologist he consulted with in preparation for submitting his reports. *Id.* at ¶ 18. Dr. Scher took that information and applied well-accepted biomechanical engineering principles to arrive at his opinion that there was no application of a single force of sufficient magnitude to cause the injury to someone other than Mr. Leng[4]. *Id.* at ¶ 17.

---

[3] For this same reason, the comparison of Dr. Scher's and Dr. Hayes's credentials is inapt. Dr. Scher is *not* attempting to opine on the original cause of Plaintiffs' preexisting spinal condition. Instead, Dr. Scher is applying accepted bioengineering principles to help the jury understand the types of force that would be necessary to result in the injury Mr. Leng ultimately sustained. Dr. Hayes possesses no superior qualifications for rendering that opinion than does Dr. Scher. *Scher Decl.*, ¶ 10.
[4] Or someone else with his unique spinal anatomy.

DEFS' MOT. FOR. RECON. - 5
2:19-cv-00490-TSZ
1002-01464/526790

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

The Court's exclusion of Dr. Scher's "no acute loading event" opinion should be reconsidered. *See id.* at ¶ 17.

b. <u>Dr. Scher should be permitted to testify that Mr. Leng was especially susceptible to the injury.</u>

It is not reasonably disputed that Mr. Leng's cervical spine would not have been injured but for his unique spinal anatomy. Dr. Arden, Plaintiffs' medical examiner expert, opines, "In summary, these degenerative processes caused fusions and stiffness in the cervical spine, with some narrowing of the canal that contains the spinal cord. These processes would render more susceptible to spinal injury, in particular fracture with potential dislocation, due to the stiffening and diminished flexibility of the cervical vertebral column." Dkt. # 67-4, p. 4. He downplays the significance of this finding as it pertains to causation as "speculative." *Id.* Dr. Arden admits he is not a biomechanical expert but has reviewed biomechanics reports in the "big picture of cases". *Augenthaler Decl.*, Ex. B (*Arden Dep. Tran.*, 9:18-10:16). Dr. Arden can only address the significance of Mr. Leng's preexisting spinal cord condition "theoretically," and he lacks the background to address the mechanism of injury from a force perspective like Dr. Scher. *Id.* at 66:6-20. Plaintiffs can present Dr. Arden's testimony, which is essentially inconclusive on the role Mr. Leng's condition had on the ultimately injury. But so too should Defendants be able to present their biomechanical engineer's opinion that Mr. Leng was far more susceptible to his ultimate injury as a result of his unique spinal anatomy. *Scher Decl.*, ¶ 18.

The Court's exclusion of Dr. Scher's "susceptibility" opinion should be reconsidered. *See id.* at ¶¶ 17-20.

c. <u>Dr. Scher should be permitted to testify that it is not reasonably possible to quantify the precise force necessary to cause Mr. Leng's injury.</u>

Dr. Arden, Plaintiffs' expert, will testify "Causing a cervical spinal cord injury requires substantial force applied to the neck." Dkt. #67-4, p. 3. Dr. Scher should be permitted to testify that Dr. Arden's opinion that there was "substantial force" is

DEFS' MOT. FOR. RECON. - 6
2:19-cv-00490-TSZ
1002-01464/526790

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

inconsistent with biomechanical engineering principles because there is no way to determine the amount of force given Mr. Leng's specific anatomy.

There is a logical fallacy built into Dr. Arden's opinion on this point: if one cannot tell the precise force necessary to cause Mr. Leng's opinion, then it is fair to assume the force was "substantial." While one avenue to address that is through cross-examination and argument, Defendants should also be allowed to rebut Dr. Arden's opinion that the force causing Mr. Leng's injury was "substantial" by introducing a competent bioengineering opinion that there is no way to determine with any precision the degree of force that would have been necessary to cause that injury. The Court's ruling excluding Dr. Scher's opinion on this point is based on the sensible position that a discussion of this broad range of potential forces would not assist the jury's fact-finding mission. Defendants fully agree *but for the fact that Plaintiffs will put on evidence that the force was "substantial" according to Dr. Arden.* Plaintiffs should not be allowed to have it both ways. If Dr. Scher is precluded from referencing this wide range of potential force, then so should Dr. Arden.

The Court's exclusion of Dr. Scher's "no precise force" opinion should be reconsidered. *See Scher Decl.¸* ¶ 20.

### 3. Alternatively, Defendants respectfully request as *Daubert* hearing.

If the Court is inclined to deny this Motion, Defendants respectfully request the Court first hold a *Daubert* hearing to further consider Dr. Scher's qualifications, opinions, and their bases, directly from the expert himself. While such hearings are not required, they can be helpful in avoiding unnecessary appellate practice. *See In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1124, 1139 (9th Cir.2002).

### IV.   CONCLUSION

For the reasons stated above, Defendants respectfully request the Court grant this Motion for Clarification/Reconsideration.

//

//

DEFS' MOT. FOR. RECON. - 7
2:19-cv-00490-TSZ
1002-01464/526790

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

DATED:  December 15, 2020

        KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Brian C. Augenthaler*
Brian C. Augenthaler, WSBA #44022
Attorneys for Defendants

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: baugenthaler@kbmlawyers.com

DEFS' MOT. FOR. RECON. - 8
2:19-cv-00490-TSZ
1002-01464/526790

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**
David B. Owens, WSBA #53856
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
T: 312-243-5900
Email:  david@loevy.com; melisa@loevy.com; melinda@loevy.com

**Attorneys for Plaintiffs**
Harry Williams IV, WSBA #41020
Law Office of Harry Williams LLC
707 E. Harrison
Seattle, WA 98102
T: 206-451-7195
Email:  harry@harrywilliamslaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  N/A.

DATED:  December 15, 2020

/s/ Brian C. Augenthaler
Brian C. Augenthaler, WSBA #44022

DEFS' MOT. FOR. RECON. - 9
2:19-cv-00490-TSZ
1002-01464/526790

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423