UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF WANGSHENG LENG, by and through administrator LIPING YANG,

Plaintiff,

v.

CITY OF ISSAQUAH, et al.,

Defendants.

C19-490 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion for clarification and reconsideration, docket no. 113, is DENIED in part and DEFERRED in part, as follows:

(a) With regard to the testimony of Irving Scher, Ph.D., plaintiff's motion to exclude, docket no. 68, as it was brought, was granted.  *See* Minute Order at ¶ 3 (docket no. 112).  No clarification of the Court's prior ruling is required.  Defendants' request to reconsider the exclusion of medical opinions that Irving Scher, Ph.D., a biomechanical engineer, is not qualified to provide, namely that Wangsheng Leng's injuries stemmed from pre-existing pathologies rendering him more susceptible, and not from an "acute loading event," is DENIED.  With respect, however, to whether the magnitude of force used to inflict the injuries at issue is either "not possible" to determine or less than "substantial," as opined by plaintiff's expert, Jonathan Arden, M.D., defendants' motion for reconsideration is DEFERRED.  Defendants' request for a *Daubert* hearing is DENIED.

(b) With regard to the use of force factors identified in *Graham v. Connor*, 490 U.S. 386 (1989), experts may not tell the jury what the law is, meaning they may not mention legal precedent or inform the jury that a set of factors is applied by courts to assess whether a specific use of force was

MINUTE ORDER - 1

reasonable.  The Court will instruct the jury as appropriate.  The parties presented no motion, and the Court made no ruling, concerning the extent to which the individual defendants may testify about what they considered in the situation, why they took the actions they did, or whether the force they used was consistent with their training.  No clarification of the Court's previous Minute Order is required.

(2)     The deferred portion of defendants' motion for reconsideration, docket no. 113, is RENOTED to January 22, 2021.  Plaintiff's response concerning the deferred portion of the motion shall be filed by noon on January 19, 2021.  Any reply shall be filed by the noting date.

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 5th day of January, 2021.

William M. McCool
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2