**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF WANGSHENG LENG, by and through administrator Liping Yang, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CITY OF ISSAQUAH; et al., <br><br> Defendants-Appellants. | No.    21-35040 <br><br> D.C. No. 2:19-cv-00490-TSZ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted December 6, 2021
Seattle, Washington

Before: McKEOWN, CHRISTEN, and MILLER, Circuit Judges.

Michael Lucht and Kylen Whittom, officers of the Issaquah, Washington, Police Department, appeal from the district court's decision denying their motion for summary judgment in this action under 42 U.S.C. § 1983. The Estate of Wangsheng Leng asserts claims under the Fourth Amendment based on the officers' (1) warrantless entry into Leng's home, (2) detention and handcuffing of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Leng, and (3) use of allegedly excessive force. The district court determined that disputed facts prevented it from ruling on the issue of qualified immunity with respect to the estate's unlawful-detention and excessive-force claims. The district court did not address the estate's unlawful-entry claim, which was raised for the first time in the estate's response to the officers' motion for summary judgment. We nevertheless address that claim on the merits, rather than treating it as forfeited, because the record was fully developed before the district court. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

In the procedural posture of this interlocutory appeal, the scope of our review is "circumscribed." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013). Under the collateral-order doctrine, we have jurisdiction over summary-judgment orders denying qualified immunity. *Plumhoff v. Rickard*, 572 U.S. 765, 771–72 (2014). But any "portion of a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial . . . is not appealable." *Johnson v. Jones*, 515 U.S. 304, 313 (1995). We have interpreted *Johnson* to confine interlocutory review to "whether the defendant[s] would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor."

2

*George*, 736 F.3d at 836 (quoting *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012)); *see also Estate of Anderson v. Marsh*, 985 F.3d 726, 730–31 (9th Cir. 2021). We review that question de novo. *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1168 (9th Cir. 2013).

To defeat the officers' defense of qualified immunity, Leng's estate must show, first, that the officers violated his Fourth Amendment rights and, second, that those rights were clearly established at the time the officers acted. *Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014).

1. Even viewing disputed facts in the light most favorable to Leng's estate, the officers did not violate Leng's clearly established Fourth Amendment rights by entering his home or by detaining and handcuffing him in the course of their investigation. "A warrantless entry into a home violates the Fourth Amendment unless an exception to the Fourth Amendment warrant requirement applies, such as emergency, exigency, or consent." *Espinosa v. City & Cnty. of S.F.*, 598 F.3d 528, 533 (9th Cir. 2010) (citing *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008)). Under the emergency exception, officers must "reasonably believe that a person within is in need of immediate aid." *Mincey v. Arizona*, 437 U.S. 385, 392 (1978). And in order to briefly detain someone, officers must "reasonably suspect[] that the person apprehended is committing or has committed a criminal offense." *Arizona v. Johnson*, 555 U.S. 323, 326 (2009);

see *Terry v. Ohio*, 392 U.S. 1 (1968). Officers may use handcuffs or take other precautions if reasonably necessary to address "legitimate safety concerns." *United States v. Miles*, 247 F.3d 1009, 1012–13 (9th Cir. 2001) (quoting *Washington v. Lambert*, 98 F.3d 1181, 1186 (9th Cir. 1996)).

Unknown to the officers, there was not in fact an emergency, and no one was in danger. But "whether the actions of the police are objectively reasonable is to be judged by the circumstances known to them." *United States v. Black*, 482 F.3d 1035, 1038 (9th Cir. 2007). And what reasonable officers in defendants' position would have known is that they had received a 911 call reporting a verbal dispute with items being thrown; they could not communicate with either party at the door; Leng acted erratically and made unintelligible noises; and two of the subjects reported by the 911 caller were unaccounted for. Under the circumstances, it was not unreasonable for the officers to enter the home to investigate the incident and to separate the parties. Nor was it unreasonable for them to detain Leng briefly while they conducted their investigation. We therefore reverse the district court's denial of the officers' motion for summary judgment with respect to the unlawful-detention claim; we reject the unlawful-entry claim; and we remand with instructions to grant the motion.

2.   We turn next to whether the officers violated the Fourth Amendment's prohibition on the use of excessive force. Viewing disputed facts in the light most

favorable to Leng's estate, we answer that question in the affirmative and conclude that the right to be free from the officers' substantial use of force was clearly established in these circumstances.

Evaluating a claim of excessive force requires considering, among other factors, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Here, the officers were responding to a verbal dispute. Taking the facts in the light most favorable to Leng's estate, although the uncertain situation may have raised safety concerns justifying Leng's brief detention, those concerns were relatively modest: The officers do not suggest that they believed Leng to pose any threat to their own safety. Nor do they contend that he resisted or attempted to flee.

Significantly, there is conflicting evidence on the level of force that the officers used, and "if the extent of the injury . . . is serious enough, a jury could conclude that [the officers] used force in excess of what was reasonable." *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000). The officers describe gently moving Leng and getting him to kneel, but that description is contradicted by physical evidence of abrasions along Leng's extremities and his wife's description of officers "coming towards him in . . . full force." It is also inconsistent with the severity of Leng's injuries, which ultimately caused his death,

and with the autopsy findings of blunt-force trauma to his neck. The officers argue that Leng's preexisting spinal condition exacerbated injuries from relatively low-level force. A trier of fact could accept that view of the evidence, but it would not be required to do so. Viewing the facts in the light most favorable to Leng's estate, the application of a substantial level of violent force in these circumstances would have violated Leng's clearly established Fourth Amendment rights. *See Santos v. Gates*, 287 F.3d 846, 853–54 (9th Cir. 2002); *LaLonde*, 204 F.3d at 959. We therefore affirm the district court's denial of summary judgment on the excessive-force claim.

The parties shall bear their own costs on appeal.

**AFFIRMED in part and REVERSED in part; REMANDED.**