UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF WANGSHENG LENG, by
and through administrator, LIPING YANG,

Plaintiff,

v.

CITY OF ISSAQUAH, et al.,

Defendants.

C19-490 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)   By Minute Order entered December 1, 2020, docket no. 112, the Court granted plaintiff's motion, docket no. 68, to exclude defendants' expert Irving Scher, Ph.D.  By Minute Order entered March 5, 2021, docket no. 123, the Court vacated its earlier ruling and granted defendants' motion, docket no. 113, for a <u>Daubert</u> hearing.  Having conducted a <u>Daubert</u> hearing on April 27, 2022, <u>see</u> Minutes (docket no. 135), the Court GRANTS in part and DEFERS in part plaintiff's motion, docket no. 68, to exclude Irving Scher, Ph.D., as follows:

(a)   At trial, Dr. Scher will not be permitted to offer any opinion or testimony about (i) what Issaquah Police Officers Michael Lucht and/or Kylen (Kyle) Whittom could or could not have known about Wangsheng Leng's alleged susceptibility to injury, and/or (ii) whether or not the evidence shows that the officers used excessive force.  On these subjects, the Court revives its previous conclusions.  <u>See</u> Minute Order at ¶ 3, Lines 6–8 & 10–12 (docket no. 112) (citing <u>SEC v. Daifotis</u>, No. C11-137, 2012 WL 2051193, at *2 (N.D. Cal. June 7, 2012)); <u>see also</u> <u>Gonzales v. Douglas</u>, No. CV-15-64, 2016 WL 4530442, *11 (D. Ariz. Aug. 30, 2016) ("Instead of opining on a subsidiary matter within his expertise to aid the jury in deciding [whether use of a flash bang was reasonable, the expert] decides the issue directly.  In so doing, he abandons his role as expert and invades the province of the jury." (citing <u>Nationwide Transp. Fin. v. Cass Inf. Sys., Inc.</u>, 523 F.3d 1051, 1058–59 (9th Cir. 2008))).

MINUTE ORDER - 1

(b) Dr. Scher will also be prohibited from offering any testimony at trial concerning Torg ratios. Dr. Scher's report dated March 31, 2020, Hrg. Ex. 1 (docket no. 133-1), did not mention Torg ratios or how they correlate with risk for acute spinal cord injury after minor trauma. Dr. Scher did not disclose his Torg-ratio analysis until he issued his supplemental report on May 14, 2020, Hrg. Ex. 2 (docket no. 133-2), which was after the deadline for providing any rebuttal to the March 24, 2020, report of plaintiff's expert Jonathan Arden, M.D., Hrg. Ex. 11 (docket no. 133-11). At his deposition on June 18, 2020, Dr. Scher conceded that nothing prevented him from including a Torg-ratio analysis in his initial report. See Scher Dep. at 88:12–15, Hrg. Ex. 3 (docket no. 133-3). Indeed, Dr. Scher testified that he had performed all of the Torg-ratio calculations before generating his first report, but had failed to include therein either the data or any explanation for how his opinions relied on such analysis. Id. at 88:15–24. Dr. Scher will not be allowed to testify about the matters set forth in his May 14, 2020, supplemental report.

(c) Plaintiff's motion to exclude Dr. Scher is otherwise DEFERRED to trial. The Court will make a ruling after hearing the testimony of Dr. Arden (as to whom Dr. Scher was not disclosed as a rebuttal witness) and defendants' forensic pathology expert, J. Matthew Lacy, M.D. (who may testify only in strict rebuttal to the testimony of Dr. Arden, see Minute Order at ¶ 4 (docket no. 112)). Defendants are advised that, in deciding whether to allow Dr. Scher to testify at trial and, if so, defining the permitted scope of his testimony, the Court will consider, in addition to the Daubert issues raised by plaintiff, whether the evidence would be relevant, prejudicial, confusing or misleading to the jury, and/or needlessly cumulative. See Fed. R. Evid. 401 & 403.

(d) In light of the Court's rulings and deferral of plaintiff's motion, the parties are DIRECTED not to mention Dr. Scher or his anticipated testimony during opening statements. Defendants shall list him as a potential witness during the jury selection process.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of May, 2022.

                    Ravi Subramanian
                    Clerk

                    s/Gail Glass
                    Deputy Clerk

MINUTE ORDER - 2