UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF WANGSHENG LENG, by and through administrator, LIPING YANG,

Plaintiff,

v.

CITY OF ISSAQUAH, et al.,

Defendants.

C19-490 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)   Plaintiff's motions in limine, docket no. 140, are GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

    1.   Plaintiff's motion to exclude evidence unknown to officers at the time of the incident and to preclude liability arguments about unknown information that is otherwise admissible is DENIED in part and DEFERRED in part, as follows:

        a.   Plaintiff's motion to exclude evidence and preclude argument concerning the fact that Mr. Leng suffered from Alzheimer's Disease is DENIED.

        b.   Plaintiff's motion to exclude the substance of the 911 call to which the officers responded is DENIED.

        c.   Plaintiff's motion to exclude evidence of Wangsheng Leng's behavior, as described in medical reports or otherwise, prior to the date of the incident, is DEFERRED to the Pretrial Conference.

        d.   Plaintiff's motion to exclude evidence and preclude argument concerning Mr. Leng's susceptibility to injury and pre-existing health conditions is DENIED.

MINUTE ORDER - 1

        2.      Plaintiff's motion to preclude defendants from referencing or making arguments about Wangsheng Leng being uniquely susceptible to injury is DENIED.

        3.      Plaintiff's motion to exclude domestic violence evidence and arguments is DENIED.

        4.      Plaintiff's motion to admit evidence of City practices, on plaintiff's negligence claim, is GRANTED in part and DENIED in part.  The City's policies, practices, and training are relevant only as to whether Officer Lucht or Whittom was negligent.  Plaintiff may not offer, for purposes of the negligence claim, evidence of the City's "pattern" of finding use-of-force justified or the City's post-incident handling of this matter, which are not relevant to whether the defendant officers were negligent on the day at issue.  To the extent such evidence is proposed for purposes of a § 1983 (*Monell*) claim against the City of Issaquah, based on a ratification theory, the issue is DEFERRED to the Pretrial Conference.  See *infra* ¶ 2(8).

        5.      Plaintiff's motion to bar improper propensity or character evidence is DEFERRED to the Pretrial Conference.

        6.      Plaintiff's motion to exclude evidence of officers' ability to pay punitive damages is DENIED.

        7.      Plaintiff's motion to permit leading questions of Issaquah police department (adverse) witnesses is GRANTED in part as to Officers Lucht and Whittom and DEFERRED in part to trial as to all other witnesses.

        8.      Plaintiff's motion to bar opinions from lay witnesses is DENIED.  Officers Lucht and Whittom may testify concerning their perceptions and the opinions they formed on the day of the incident, based on their observations and the information they had been provided.

        9.      Plaintiff's motion to limit expert opinions from Farshaad Bilimoria, M.D. and treatment providers is DEFERRED to trial.

        10.     Plaintiff's motion to bar untimely expert opinions is MOOT with respect to the supplemental report of Irving Scher, Ph.D.  See Minute Order at ¶ 1(b) (docket no. 143).  With respect to Dr. Scher's "attacks" on Dr. Arden's "substantial" force opinion, the matter has already been and remains DEFERRED to trial.  See *id.* at ¶ 1(c).

        11.     Plaintiff's motion to exclude Washington law as requiring, justifying, or excusing defendants' actions is DENIED.  The jury will be instructed concerning the law applicable to police officers' responses to domestic violence situations.

MINUTE ORDER - 2

12. Plaintiff's motion to exclude evidence of criminal investigation and absence of charges against officers is DEFERRED to the Pretrial Conference.

13. Plaintiff's motion to preclude affirmative defenses for which discovery was refused is DEFERRED to the Pretrial Conference.

14. Plaintiff's motion to preclude defendants from arguing, suggesting, or referencing potential adverse consequences of a verdict against them is GRANTED.

15. Plaintiff's unopposed motion to preclude mention of motions in limine or evidence excluded upon a motion in limine, except for calling the Court's attention to a violation of an order in limine, is GRANTED.

16. Plaintiff's unopposed motion to exclude witnesses from the courtroom except when they are testifying is GRANTED. *See* Fed. R. Evid. 615.

17. Plaintiff's unopposed motion to permit jurors to take notes is GRANTED.

18. Plaintiff's unopposed motion to preclude argument concerning whether plaintiff is entitled to attorney's fees is GRANTED.

19. Plaintiff's unopposed motion to preclude argument or reference that a verdict for plaintiff would impact public safety or police operations or cost the public money is GRANTED.

20. Plaintiff's unopposed motion to exclude undisclosed witnesses unless strictly in rebuttal to previously undisclosed evidence is GRANTED.

21. Plaintiff's unopposed motion to preclude argument that the language barrier between the defendant officers and Wangsheng Leng was itself a threat is GRANTED.

(2) Defendants' motions in limine, docket no. 136, are GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

1. Defendants' motion to exclude questions to Officers Lucht and Whittom about whether they would do anything differently in detaining and handcuffing Wangsheng Leng and/or whether they feel remorse for their actions is DENIED.

2. Defendants' motion to exclude portions of the testimony of Susan Peters in light of the Ninth Circuit's ruling on interlocutory appeal is DEFERRED to trial.

MINUTE ORDER - 3

       3.     Defendants' motion to exclude evidence or argument that the actions of the officers from the beginning of their 911-call response until their decision to detain and handcuff Mr. Leng were negligent is DENIED.

       4.     Defendants' motion to exclude evidence or argument that the City of Issaquah's handling of the incident after-the-fact, or of prior incidents involving the use of force, was negligent is GRANTED.

       5.     Defendants' motion to exclude testimony from Liping Yang or argument from counsel that the officers appears to use "full" or "a lot of" force is DENIED.  Ms. Yang may testify about what she saw.

       6.     Defendants' motion to exclude evidence or argument that the officers kicked Mr. Leng is DENIED.  Ms. Yang may testify about what she saw.

       7.     Defendants' motion to exclude testimony from Ms. Yang regarding how Mr. Leng sustained bruises and scratches is DENIED.  Ms. Yang may testify about what she saw and how Mr. Leng's injuries were consistent with what she saw.

       8.     Defendants' motion to exclude evidence or argument regarding a ratification theory, for purposes of a § 1983 (*Monell*) claim against the City of Issaquah, is DEFERRED to the Pretrial Conference.

       9.     Defendants' motion to exclude evidence or argument that the City is paying for the officers' defense is GRANTED.

     10.     Defendants' motion to exclude evidence or argument concerning insurance is GRANTED.

     11.     Defendants' motion to exclude the opinion of Jonathan Arden, M.D. that the officers applied "substantial" force to Mr. Leng, causing his spinal cord injury, is DENIED.  The Court has previously ruled on defendants' motion to exclude Dr. Arden's testimony, *see* Minute Order at ¶ 1(b) (docket no. 112), and defendants offer no reason for the Court to reconsider its earlier decision.

     12.     Defendants' unopposed motion to exclude questioning of the 911 caller regarding whether he would have done things differently if he had known Mr. Leng was going "to be killed" or words to that effect is GRANTED.

     13.     Defendants' unopposed motion to exclude evidence of alleged prior bad acts or complaints about Officer Lucht during his previous work for another police department is GRANTED.

MINUTE ORDER - 4

14. Defendants' unopposed motion to exclude evidence or inference that the defendant officers were compelled under *Garrity* to provide a statement during the criminal investigation, were advised by legal counsel not to provide a voluntary statement, or were unwilling to provide a statement is GRANTED.

15. Defendants' unopposed motion to exclude argument about or comparison to other incidents involving use of force by police and/or argument concerning police reform efforts is GRANTED.

16. Defendants' unopposed motion to exclude evidence or argument that the defendant officers "broke" or "fractured" Mr. Leng's neck or "severed his spinal cord" is GRANTED.

17. Defendants' unopposed motion to exclude evidence or argument that the defendant officers' conduct was motivated by Mr. Leng's race is GRANTED.

18. Defendants' unopposed motion to exclude all reference to plaintiff's counsel's connection to the University of Washington School of Law and its clinic is GRANTED.

19. Defendants' unopposed motion to exclude witnesses from the courtroom except when they are testifying is GRANTED. *See* Fed. R. Evid. 615; *see also supra* ¶ 1(16).

20. Defendants' unopposed motion to exclude any "golden rule" arguments suggesting that the jurors should put themselves in Mr. Leng's and/or Ms. Yang's place is GRANTED.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 17th day of May, 2022.

Ravi Subramanian<br>
Clerk<br><br>
s/Gail Glass<br>
Deputy Clerk

MINUTE ORDER - 5