The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ESTATE OF WANGSHENG LENG, by and through administrator, LIPING YANG,<br><br>Plaintiff~~s~~,<br><br>v.<br><br>THE CITY OF ISSAQUAH, ISSAQUAH POLICE OFFICER M. LUCHT #1201, and ISSAQUAH POLICE OFFICER KYLEN WHITTOM, #1210,<br><br>Defendants. | No. 2:19-cv-00490-TSZ<br><br>~~[PROPOSED] JOINT~~ PRETRIAL ORDER ~~(REVISED)~~ |

### I. JURISDICTION

The Court has original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction). The court has jurisdiction over state law claims under 28 U.S.C. § 1367.

### II. CLAIMS AND DEFENSES

**A. Plaintiff intends to pursue the following claims at trial:**

1. Excessive Force (Officers Lucht and Whittom)

2. Negligence (City of Issaquah)

3. ~~Compensatory damages (Officers Lucht and Whittom and City of Issaquah)~~

4. ~~Punitive Damages (Officers Lucht and Whittom)~~

PRETRIAL ORDER - 1

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

B. **Defendants intend to pursue the following affirmative defenses ~~and/or claims~~**: 1. Mitigation.

1. ~~The amount of force used by Officers Kyle Whittom and Mike Lucht was reasonable, necessary and lawful under the totality of the circumstances presented to them at the time of the incident.~~
2. ~~Mr. Leng's injury and damages, if caused by the officers, were the result of reasonable and required conduct of the officers under the totality of the circumstances presented, and the conduct was excusable and justifiable in connection with Mr. Leng's own conduct during the incident in question.~~

### III. ADMITTED FACTS

1. Officer Kyle Whittom and Officer Mike Lucht responded to the apartment of Wangsheng Leng and Liping Yang, a married couple, on August 5, 2018 after the Issaquah Police Department received a 911 call from a neighbor reporting what he believed to be a domestic dispute, and what he believed was the sound of things being thrown. He also reported he believed approximately four subjects were involved.
2. When Officer Lucht knocked on the door, Ms. Yang opened the door. Officer Lucht tried to communicate with her but it quickly became apparent there was a language barrier.
3. The officers entered the apartment to investigate.
4. Officers Lucht and Whittom physically detained and handcuffed Mr. Leng.
5. After the officers handcuffed Mr. Leng, they observed his body go limp.
6. The officers called and requested emergency medical services to come to the apartment to evaluate Mr. Leng.
7. Mr. Leng remained in handcuffs until the emergency medical services providers arrived several minutes later.
8. Mr. Leng was taken to the hospital.

PRETRIAL ORDER - 2

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

9. After multiple tests and several days later, the doctors discovered Mr. Leng had suffered a spinal cord injury during the process of being detained and handcuffed by the officers.

10. Wangsheng Leng had surgery related to the spinal cord injury.

11. Mr. Leng died in hospice care about a month after the interaction with the Issaquah police officers.

12. ~~Defendants Lucht and Whittom acted under color of state law in their interactions with Wangsheng Leng.~~

IV. **ISSUES OF LAW**

**For Plaintiff, issues of law include:**

1. Whether Defendants Lucht and Whittom used excessive force in violation of the Fourth Amendment against Wangsheng Leng when they forced him to the ground on August 5, 2018.

2. Whether the City of Issaquah's negligence contributed to the use of force that ultimately caused the death of Wangsheng Leng.

3. The amount of damages suffered by the Estate of Wangsheng Leng related to the death of Wangsheng Leng, the pain and suffering Wangsheng Leng incurred as a result of Defendants' actions~~, and emotional pain and trauma suffered by Liping Yang as a result of Defendant's actions~~.

4. The amount of punitive damages Defendants Lucht and Whittom should be required to pay.

5. Whether the jury will be instructed that the officers were required to take Wangsheng Leng as they found him and cannot argue against liability or damages due to Mr. Leng's preexisting medical conditions.

6. Whether Irving Scher will be permitted to testify.

7. Issues raised in the parties' respective motions *in limine*.

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

8. Should Plaintiff prevail, the amount to which Plaintiff's counsel are entitled to pursuant to 42 U.S.C. § 1988.

**Defendants object to Plaintiff's issues of law and provide the following alternate issues of law.**

1. Whether the amount of force applied to Wangsheng Leng while he was being handcuffed was reasonable and necessary under the totality of the circumstances known to Officer Lucht and Officer Whittom at the time of the handcuffing.

2. Whether Officer Lucht and/or Officer Whittom are entitled to qualified immunity from Plaintiff's Fourth Amendment excessive force claim.

3. Whether Plaintiff's negligence claim should be dismissed consistent with the Ninth Circuit's interlocutory decision.

4. In the alternative, whether Officer Lucht or Officer Whittom took any affirmative acts of malfeasance leading up to the application of force on Mr. Leng that were a proximate cause of his injury.

5. Whether Plaintiff's claim for punitive damages should be dismissed consistent with the Ninth Circuit's interlocutory decision.

6. In the alternative, whether Officer Lucht and/or Officer Whittom's application of force on Mr. Leng was driven by evil motive or intent; or involved a reckless or callous indifference to the constitutional rights of others.

V.   **EXPERT WITNESSES**

(a) Each ~~party~~ side shall be limited to <u>one (1)</u> expert witness~~es~~ on ~~the~~ each issue~~s of _____~~.

(b) Subject to the parties adjudicated or still-pending *Daubert* motions and other motions *in limine*, the names and addresses of the expert witnesses to be used by each party at the trial and the issue upon which each will testify is:

PRETRIAL ORDER - 4

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

(1) **On behalf of Plaintiff**

**Dr. Jonathan Arden, M.D.**, c/o Plaintiff's counsel, will testify consistent with his reports concerning the injuries to Wangsheng Leng, his cause and manner of death, and his damages.

**Sue Peters**, c/o Plaintiff's counsel, will testify about accepted standards in policing and Defendants' departures from them, as described in her reports.

(2) **On behalf of Defendants**:

**Irving Scher, Ph.D**, c/o Defense counsel, will testify consistent with his report and the Court's evidentiary rulings.

**Jeffery Paynter,** c/o Defense counsel, will testify consistent with his report in the field of police practices.

**Dr. Matthew Lacy**, c/o Defense counsel, will testify consistent with his report in rebuttal to Dr. Arden.

## VI.   OTHER WITNESSES

| Plaintiff's Witnesses | | | | |
|---|---|---|---|---|
| **Name** | **Address** | **Expected testimony** | **Will testify** | **Possible witness only** |
| Asbell, Laura | c/o KBM | Sergeant Asbell has knowledge of facts regarding her interactions with Lucht, Whittom, Plaintiff and officers up the chain of command from the Issaquah Police Department | | X |
| Berhbaum, Scott | c/o KBM | May testify about the topics covered in their deposition concerning the policies and negligence of Issaquah | | X |
| Bilimoria, Farshaad, MD | Rm. G227 – 2211 Wesbrook Mall, Vancouver, BC Canada V6T 2B5 | Dr. Bilimoria performed the autopsy of Wangsheng Leng and has knowledge cause of the investigation of the death of Mr. Leng and the causes of his death. | | X |
| ~~City of Issaquah (30(b)(6) designee)~~ | ~~c/o KBM~~ | ~~May testify about the policies and practices and negligence of Issaquah~~ | | ~~X~~ |
| Li, Qiongyang | c/o plaintiff's counsel | This witness has knowledge of facts regarding Plaintiff's claims of liability and damages in this case. | **X** | |

PRETRIAL ORDER - 5

| Name | Address | Testimony | | |
|---|---|---|---|---|
| Leming, James | 245 SW Clark St., #2D, Issaquah, WA 98027 | May testify about the topics covered in his deposition. | | X |
| ~~Somnit Lee, MD~~ | ~~Swedish Hospital, 747 Broadway, Seattle WA 98122-4037~~ | ~~May testify about their treatment of Wangsheng Leng after his interactions with Lucht and Whittom~~ | | ~~X~~ |
| Lucht, Michael | c/o KBM | Officer Lucht has knowledge of his interactions with Wangsheng Leng and Liping Yang. | X | |
| HuaLing, Wei | 425-369-7468 105 Mountain Park Blvd Sw Apt 329 Issaquah 98027 | May testify about their interactions with Wangsheng Leng, his health, and his life. | | X |
| Huosheng, Sheng | 105 Mountain park Blvd Sw Apt 329 Issaquah 98027 | May testify about their interactions with Wangsheng Leng, his health, and his life | | X |
| Simin, Xi | 1600 NE 8th Ste Bellvue,WA 98004 425-246-5382 | May testify about their interactions with Wangsheng Leng, his health, and his life. | | X |
| ~~Wilson, Christopher~~ | ~~c/o KBM~~ | ~~Commander in IPD who may have knowledge of his interactions with Liping Yang and the City's response to the death of Wangsheng Leng~~ | | ~~X~~ |
| Whittom, Kylen | c/o KBM | Officer Whittom has knowledge of facts regarding plaintiff's claims of liability in this case, training, policies, procedures and standards for police officers. | X | |
| Yang, Liping | c/o plaintiff's counsel | Ms. Yang has knowledge of facts regarding Plaintiff's claims of liability and damages in this case. | X | |
| Yuan, Amy | 1009 205th Ave NE, Sammamish WA 98074 | May testify about Plaintiff's damages claims and the life of Wangsheng Leng | | X |

PRETRIAL ORDER - 6

| **Defendants' Witnesses** | | | | |
|---|---|---|---|---|
| **Name** | **Address** | **Expected testimony** | **Will testify** | **Possible witness only** |
| Asbell, Laura | c/o KBM | Sergeant Asbell has knowledge of facts regarding plaintiff's claims of liability in this case training, policies, procedures and standards for police officers. | | X |
| Bilimoria, Farshaad, MD | Vancouver, British Columbia | Dr. Bilimoria has knowledge of the investigation of the death of Mr. Leng and the causes of his death. | Will testify – this may be through his deposition transcript and/or remote testimony as he is out of the country. | |
| Lucht, Michael | c/o KBM | Officer Lucht has knowledge of facts regarding plaintiff's claims of liability in this case, training, policies, procedures and standards for police officers. | X | |
| Mellis, Mike | King County Sheriff's Office | This witness has knowledge of facts regarding the incident at issue in this case, the investigation he conducted and admissions made by Ms. Yang. | X | |
| Ramstad, Cody | Eastside Fire & Rescue Sammamish, WA | Will testify regarding evaluation and treatment of Mr. Leng on 8/5/2018. | X | |
| Paula Schwan | c/o KBM | May testify regarding Plaintiff's claims of liability in this case and actions by the City of Issaquah. | | X |
| Whittom, Kylen | c/o KBM | Officer Whittom has knowledge of facts regarding plaintiff's | X | |

PRETRIAL ORDER - 7

|  |  | claims of liability in this case, training, policies, procedures and standards for police officers. |  |  |
|---|---|---|---|---|
| Yang, Li | c/o plaintiff's counsel | This witness has knowledge of facts regarding Plaintiff's claims of liability and damages in this case. |  | X |
| Yang, Liping | c/o plaintiff's counsel | Ms. Yang has knowledge of facts regarding Plaintiff's claims of liability and damages in this case. | X |  |

VII.   EXHIBITS    **Counsel shall meet and confer and file a revised exhibit list by May 26, 2022.**

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| EX. # | DESCRIPTION: | Authenticity | Admissibility | Objection | Admitted |
| 1 | Photographs of Wangsheng Leng on or after August 5, 2018 | Stipulated | Stipulated |  |  |
| 2 | Photographs of Wangsheng Leng before August 5, 2018 | Stipulated | Stipulated |  |  |
| 3 | Autopsy Report | Stipulated | Disputed | Defendants object to the redactions in this exhibit as no redaction should be made. It is otherwise not disputed. |  |
| 4 | Apartment Photos | Stipulated | Stipulated |  |  |
| 5 | Autopsy Photos | Stipulated | Stipulated |  |  |
| 6 | CAD Report for Incident | Stipulated | Stipulated |  |  |
| 7 | CAD Comments Info | Stipulated | Stipulated |  |  |
| 8 | IPD Incident Report | Stipulated | Stipulated |  |  |
| 9 | Issaquah Use of Force Report | Stipulated | Stipulated |  |  |
| 10 | Request for Written Answers to Questions to | Stipulated | Disputed | Def per MIL 14 and 401, 403, 502 |  |

PRETRIAL ORDER - 8

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

| | | Plaintiff's Exhibits | | | |
|---|---|---|---|---|---|
| EX. # | DESCRIPTION: | Authenticity | Admissibility | Objection | Admitted |
| | Lucht | | | | |
| 11 | Written Answers to Questions Lucht | Stipulated | Stipulated | | |
| 12 | Request for Written Answers to Questions to Whittom | Stipulated | Disputed | Def per MIL 14 and 401, 403, 502 | |
| 13 | Written Answers to Questions Whittom | Stipulated | Stipulated | | |
| 14 | IPD Dispatch Audio | Stipulated | Stipulated | | |
| 15 | Letter of Somnit Lee | Stipulated | Disputed | 801, 802, 803 | |
| 16 | Richmond Beach Rehab Docs | Stipulated | Disputed | Pla Pending MIL rulings, for ID | |
| 17 | Neck Surgery Photos | Stipulated | Stipulated | | |
| 18 | IPD, Call Detail Report | Stipulated | Stipulated | | |
| 19 | IPD Policy 300, Use of Force | Stipulated | Disputed | Pla Pending MIL rulings, for ID | |
| 20 | IPD Policy 302, Use of Force Review Boards | Stipulated | Disputed | Def per MIL number 4<br><br>Pla Pending MIL rulings, for ID | |
| 21 | IPD Policy 306, Handcuffing and Restraint | Stipulated | Disputed | Pla Pending MIL rulings, for ID | |
| 22 | IPD Policy 310, Employee Applied Force Investigations | Stipulated | Disputed | Def per MIL number 4<br>Pla Pending MIL rulings, for ID | |
| 23 | Interview of Liping Yang Transcript | Stipulated | Disputed | Def 801, 802 | |
| 24 | Use of Force Reports 2014- | Stipulated | Disputed | Def per MIL number 4 | |

PRETRIAL ORDER - 9

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

| | | Plaintiff's Exhibits | | | |
|---|---|---|---|---|---|
| EX. # | DESCRIPTION: | Authenticity | Admissibility | Objection | Admitted |
| | 2018 | | | | |
| 25 | Use of Force Tables | Stipulated | Disputed | Def per MIL number 4 | |
| 26 | Commander Wilson Document | Stipulated | Disputed | Def 401, 402 | |
| 27 | King County Medical Examiner Docs | Stipulated | Disputed | Def object to pp.s 67, 71-72 only. 401, 402 Pla Pending MIL rulings, for ID | |
| 28 | Declaration of Liping Yang | Stipulated | Disputed | Def 801, 802 | |
| 29 | Defendant City of Issaquah Interrogatory Responses | Stipulated | Disputed | Def 401, 402, 801, 802 | |
| 30 | Defendant Lucht Interrogatory Responses | Stipulated | Disputed | Def 401, 402, 801, 802 | |
| 31 | Defendant Whittom Interrogatory Responses | Stipulated | Disputed | Def 401, 402, 801, 802 | |
| 32 | Defendant City of Issaquah Responses to Plaintiff's First Requests for Admission | Stipulated | Disputed | Def 401, 402 | |
| 33 | Defendant City of Issaquah Responses to Plaintiff's Second Requests for Admission | Stipulated | Disputed | Def 401, 402 | |
| 34 | Defendant Lucht's Responses to Plaintiff's Requests for Admission | Stipulated | Disputed | Def 401, 402 | |
| 35 | Defendant | Stipulated | Disputed | Def 401, 402 | |

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| EX. # | DESCRIPTION: | Authenticity | Admissibility | Objection | Admitted |
| | Whittom's Responses to Plaintiff's Requests for Admission | | | | |
| 36 | Plaintiff's Responses to City of Issaquah's First Interrogatories to Plaintiff | Stipulated | Disputed | Def 801, 802 | |
| 37 | Plaintiff's Responses to City of Issaquah's Second Interrogatories to Plaintiff | Stipulated | Disputed | Def 801, 802 | |
| 38 | Plaintiff's Responses to City of Issaquah's Third Interrogatories to Plaintiff | Stipulated | Disputed | Def 801, 802 | |
| 39 | Notice of 30(b)(6) Deposition | Stipulated | Disputed | Def 401, 402, 801, 802 | |
| 40 | Medical Records of Wansgheng Leng provided to Dr. Arden | Stipulated | Disputed | Pla Pending MIL rulings, for ID | |
| 41 | Medical Imaging Records of Wangsheng Leng provided to Dr. Arden | Stipulated | Disputed | Pla Pending MIL rulings, for ID | |
| 42 | Audio of Interview of Liping Yang | Stipulated | Stipulated | | |
| 43 | Swedish Emergency Room Records | Stipulated | Disputed | Def Objection to redactions only Pla Pending MIL rulings | |
| 44 | Swedish Progress Report | Stipulated | Disputed | Def Objection to redactions only | |

PRETRIAL ORDER - 11

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| EX. # | DESCRIPTION: | Authenticity | Admissibility | Objection | Admitted |
| | | | | Pla Pending MIL rulings | |
| 45 | Surgery Records | Stipulated | Disputed | Def Objection to redactions only Pla Pending MIL rulings | |
| 46 | Swedish Notes (Various) | Stipulated | Disputed | Def Objection to redactions only Pla Pending MIL rulings | |

| Defendant Exhibits | | | | | |
|---|---|---|---|---|---|
| EX # | Description | Authenticity | Admissibility | Objection | Admitted |
| 100 | DSHS Assessment Details Current Interim assessment dated 07/23/2018 - Declaration of Susan Engels dated May 6, 2020 certifying the record | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 101 | 911 call audio (Issaquah 000025 or 000911 time edited) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 102 | CAD Master Call Table (Issaquah 000993-94) | Stipulated | Stipulated | | |
| 103 | Leng Medical Record UWNC Issaquah Family Med dated 1/2/2018 (000008-14) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 104 | Leng Medical Record UWNC Issaquah Family Med dated 7/9/2018 (000002-7) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 105 | Eastside Fire & Rescue Patient Care Record dated | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |

PRETRIAL ORDER - 12

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

| | | | | | |
|---|---|---|---|---|---|
| | 08/05/2018 | | | | |
| 106 | Bellevue Fire Department Patient Care Record dated 08/05/2018 (000002-4) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 107 | Swedish ER Intake Record dated 8/5/2018 (T-Scan 000031-34) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 108 | Swedish nursing notes dated 8/5/2018 (000016-17) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 109 | Swedish Exam by Dr. Inna Andrews filed on 8/6/2018 (T-Scan 000048-54) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 110 | Swedish Progress notes by Vachiraporn Baum RN dated 8/6/2018 (T-Scan 000062-63) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 111 | Swedish Progress notes by Dr. Andrew Gatien dated 8/6/2018 (T-Scan 000076) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 112 | Swedish CT Head and CT cervical spine report dated 8/5/2018 (T-Scan 000153-155) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 113 | Swedish MR brain and cervical spine report dated 8/9/2018 (T-Scan 000159-161) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |
| 114 | Swedish Discharge summary by Dr. Andrew Gatien dated 8/11/2018 (T-Scan 000043-46) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL | |

PRETRIAL ORDER - 13

| # | Description | | | |
|---|---|---|---|---|
| 115 | Swedish H&P summary notes by Dr. Richard Zhao dated 8/11/2018 (T-Scan 000291-293) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL |
| 116 | Swedish Progress notes by Dr. Somnit Lee dated 8/20/2018 (T-Scan 000415-419) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL |
| 117 | Swedish Discharge summary by Dr. Miwa Vernon dated 8/19/2018 (T-Scan 000283-287) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL |
| 118 | KCME Office Investigator's Report by Jeannette McDonald dated 09/05/2018 (Leng 000068) | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL |
| 119 | King County Medical Examiner Autopsy Report dated October 22, 2018 Unredacted | Stipulated | Disputed | 402, 403, 404, 801, 802, MIL |
| 120 | X-ray photo of cervical spine (Issaquah 1031) | Stipulated | Stipulated | |
| 121 | Audio of Liping Yang interview with Detective Mellis – edited in accordance with motion in limine rulings | Stipulated | Disputed | 402, 403, 404, MIL |
| 122 | State of Washington certificate of death (000047) | Stipulated | Stipulated | |

PRETRIAL ORDER - 14

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

## VIII. DEPOSITION DESIGNATIONS

**For Plaintiff:** None.

**For Defendants:** Dr. Farshaad Bilimoria (in the event he is not permitted to testify via Zoom)

| Defendants' Designation | Plaintiff's Objections | Admitted |
|---|---|---|
| 8:7 – 49:5 | 8:22-9:2 | |
| | 17:17-17:23 | |
| | 19:24-21:13 | |
| | 21:25-24:16 | |
| | 25:1-30:6 | |
| | 30:17-32:16 | |
| | 35:2-13 | |
| | 35:16-36:6 | |
| | 37:20-38:21 | |
| | 39:14-25 | |
| | 40:1-17 | |
| | 41:9-16 | |
| | 42:5-19 | |
| | 43:2-11 | |
| | 43:18-21 | |
| | 44:6-11 | |
| | 44:13-45:8 | |
| | 45:15-46:20 | |
| | 47:15-49:1 | |

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

IX.   **ACTION BY THE COURT**

(a) This case is scheduled for a trial before a jury on May 31, 2022, at 9am at the United States District Court, 700 Stewart St, Seattle, WA 98101.

(b) Trial briefs were submitted to the Court on May 13, 2022.

(c) The Court has submitted proposed jury instructions to the parties. The parties' objections or requested amendments to the jury instructions ~~are due by noon on May 18th.~~ were submitted to the Court on May 18, 2022.

(d) The Court has submitted proposed *voir dire* to the parties. Suggested questions of either party to be asked of the jury by the Court on *voir dire*, if any, were submitted to the Court on May 13, 2022.

(e) Other rulings:

- The Court has issued multiple rulings on the parties' *Daubert* motions with respect to experts for both plaintiff and the defense. *See* Dkts. ~~103,~~ 112, 143.
- The Court has issued ~~parties are awaiting~~ rulings on:
    - Plaintiff's motions *in limine*. Dkt. 140.
    - Defendants' motions *in limine*. Dkt. 136.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this  20th  day of May, 2022

_____
Thomas S. Zilly
United States District Judge

PRETRIAL ORDER - 16

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110

**FORM APPROVED**

/s/ David B. Owens
———————————————
Attorney for Plaintiff

/s/ Shannon M. Ragonesi
———————————————
Attorney for Defendants

LOEVY & LOEVY
CIVIL RIGHTS AND JUSTICE CLINIC
UNIVERSITY OF WASHINGTON LAW SCHOOL
WILLIAM H. GATES HALL, SUITE 265
P.O. BOX 85110