UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF WANGSHENG LENG, by and through administrator LIPING YANG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF ISSAQUAH, et al.,<br><br>　　　　　　Defendants. | C19-490 TSZ<br><br>MINUTE ORDER |

　　　The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

　　　(1)　On May 20, 2022, the Court entered a Minute Order granting defendants' Motion in Limine No. 8 to exclude evidence or argument regarding a ratification theory, for purposes of a § 1983 (*Monell*) claim against the City of Issaquah. Minute Order at ¶ 2 (docket no. 166). Approximately seven minutes later, plaintiff filed a motion for leave to file a supplemental brief concerning ratification. Plaintiff's proposed supplemental brief seeks reconsideration of the Court's Order entered December 17, 2020, docket no. 116, with respect to the dismissal of plaintiff's *Monell* claim. As explained in the Minute Order entered on May 20, 2022, however, the circumstances relating to ratification have not changed since the Court ruled on defendants' motion for summary judgment. *See* Order at 13–14 & 15 n.7 (docket no. 116). The proposed supplemental brief does not contain any new facts[1] or legal authority that were not or could not have been brought to

---

[1] Plaintiff asserts that Scott Behrbaum's departure from the City of Issaquah Police Department constitutes a new fact warranting revival of plaintiff's § 1983 claim against the City of Issaquah. This argument borders on frivolous. The City of Issaquah has not yet selected a new chief of police (Paula Schwan serves as chief in only an interim capacity; *see* https://issaquahwa.gov/

MINUTE ORDER - 1

the Court's attention earlier with reasonable diligence, and any attempt at a motion for reconsideration would be both untimely and meritless.  *See* LCR 7(h)(1).  Plaintiff's motion, docket no. 167, for leave to file the proposed supplemental brief, is therefore DENIED.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 23rd day of May, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

---

directory.aspx?did=5), and this change in leadership does not alter the fact that the administrative review by the Issaquah Police Department is in abeyance pending the outcome of this litigation, and the inquest recommended by the King County Prosecuting Attorney has been delayed while the inquest process itself was revamped.  *See* Order at 13–14 (docket no. 116); *see also* https://kingcounty.gov/elected/executive/constantine/news/release/2022/March/14-inquest-resume.aspx (indicating that, given the Washington Supreme Court's approval in July 2021 of the new inquest program, inquests would resume on March 15, 2022).

MINUTE ORDER - 2